JOSEPH MIZE, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

The plea of *autrefois convict* to an indictment for a misdemeanor in the Superior Court may be sustained by proof of such former conviction before an Inferior Court having jurisdiction of the offense, unless it appear that such indictment was found prior to the prosecution in the Inferior Court, and that the defendant had been arrested under it.

Criminal law. *Autrefois convict* Jurisdiction. Before Judge CLARK. Sumter Superior Court. April Adjourned Term, 1873.

Mize was indicted for gaming, alleged to have been committed on April 12th, 1873. He pleaded former conviction, "that he was, on the affidavit and written accusation of one William Mims, arraigned and tried in the Justice Court for the seven hundred and eighty-ninth district, before their Honors John B. Pilsbury, Notary Public, and W. C. Godwin, Justice of the Peace, for the same offense, and was, on his plea of guilty, sentenced and punished for the same offense, as is set forth in said indictment, said Justice and Notary Public having authority and jurisdiction to try said offense."

Upon the trial of the issue thus formed, the defendant tendered in evidence the affidavit, accusation, plea and sentence set forth in the plea aforesaid. Upon objection to said testimony, on the ground that an indictment was pending in the Superior Court at the time of said proceedings before said Justice and Notary Public, it was excluded.

The jury found the issue in favor of the State.

The defendant was then placed on trial, upon the plea of not guilty. The jury found to the contrary. A motion for a new trial was made upon the ground of error in the aforesaid exclusion of testimony. The motion was overruled, and the defendant excepted.

C. T. GOODE, for plaintiff in error.

C. F. CRISP, Solicitor General, by PHIL. COOK, for the State.

TRIPPE, Judge.

The defendant (plaintiff in error,) had, before this trial, been prosecuted, convicted and punished for the same offense by a Court which had jurisdiction of the case. It is true that the conviction and punishment was by an Inferior Court, of limited jurisdiction, with power given by a special statute to take cognizance of such cases, and that, at the same time, this indictment was pending in the Superior Court. But it does not appear from the record that the defendant had ever been arrested under the indictment, or even had notice of it, or that the Court which tried him had notice of an indictment then pending against him for the same offense. Under this state of facts, it would have been not only hard on the defendant to be twice tried, convicted and punished for the same offense, simply because one Court commenced the prosecution before the other which tried him did, but would seem to subordinate that cardinal provision in the declaration of fundamental principles, older than any American Constitution, that no person shall be put in jeopardy of life or liberty more than once for the same offense, to a mere technical rule, to-wit: that the Court first obtaining jurisdiction shall retain it.

In the case of the State *vs.* Tisdale, 2 Devereaux & Battle, 159, the defendant was indicted in the Superior Court and pleaded thereto a former conviction in the County Court for the same offense. To this plea a replication was filed by the State,

that the present indictment was found against the defendant before prosecution was commenced in the County Court, and had been regularly kept up. Defendant rejoined to the replication, that he had no legal notice of the indictment in the Superior Court before his conviction in the County Court. There was a demurrer to this rejoinder, which was overruled by the Court below, and judgment given for defendant. This was affirmed by the Supreme Court of North Carolina. The subsequent case in the same Court, of the State *vs*. Casey *et al.*, Busbee's Reports, 209, was exactly like the former, except that the replication to the plea charged the defendants with knowledge of the bill pending in the Superior Court, and that they procured the prosecution in the County Court, and voluntarily submitted thereto, and paid the fine imposed by that Court. A demurrer was sustained to this replication, and the judgment affirmed. The Supreme Court of North Carolina, in their opinion, say "The replication does not state that the defendants had been arrested upon a *capias* issued from the Superior Court before they were indicted in the County Court, and we must take it that the fact was not so. Their knowledge of the bill having been found in the Superior Court cannot, then, vary the result. As was said in the State *vs*. Tisdale, the defendant had no day in the Superior Court, he having neither been arraigned, or even arrested, on the bill in that Court. Until he had a day in Court on that indictment, he was not *vexatus* thereby, and stood in relation thereto on the same footing as if he had been put without day, by a *nolle prosequi* thereon."

The Court then proceed to say, "How the other allegation, that he procured an indictment to be found against him in the County Court, and submitted thereon, can alter the case, we cannot imagine. Certainly it is no fraud on the law for a man who has violated it to come forward and voluntarily submit to the judgment of a Court having full jurisdiction of the offense. The Legislature, by giving a concurrent jurisdiction to the County and Superior Courts over assaults and batteries, assumes that either, and not one more nor less than

the other, will fully exercise its powers and perform its duties. But it is said that persons committing aggravated batteries may, and often do, by the means resorted to in this case, manage to escape with a lighter punishment in the County Court than would have been imposed in the Superior Court. This may be so, and if it is so, it is an evil which it is the province of another department of the government to redress."

This long extract is given because it covers the whole question, and contains the *gist* of the whole matter. We are constrained, upon principle, to hold as the Supreme Court of North Carolina held, and say as they did, that if evil threatens to flow from it, the correction of that evil belongs to the Legislature. We cannot shape decisions to meet a policy which it is exclusively the duty of the Legislature to regulate.

We know that in the case of Burdette *vs.* The State, 9 Texas, 43, a contrary holding was made. But the decision is contained in a few lines, and is solely put on the ground, "that the Court first exercising jurisdiction acquires control of the case to the exclusion of the other." That principle is recognized, but we do not think it applies, so as to permit a plaintiff in a civil case to obtain two judgments for the same claim against the same defendant, unless it be in certain cases specially provided for. Even when that can be done, the satisfaction of one judgment is a discharge of both. Nor should the State be permitted to impose a double penalty for the same offense, and that too in a case wherein it does not appear that the defendant had been arrested under the first indictment.

Judgment reversed.