(April 27, 1909.)

## STATE, Appellant, v. JOHN J. RAAF, Respondent.

[101 Pac. 747.]

CRIMINAL LAW—JUSTICE'S JURISDICTION—DISTRICT COURT JURISDICTION
—CONCURRENT JURISDICTION—TRIALS BY JUSTICE'S COURT—PRE-
LIMINARY EXAMINATIONS—MAGISTRATE'S JURISDICTION.

1. Under the provisions of sec. 20 of art. 5 of the constitution, the district court has original jurisdiction in all criminal cases, whether they be misdemeanors or felonies.

2. The jurisdiction of the district court and justices' courts in misdemeanor cases of which a justice's court has original jurisdiction, is a co-ordinate and concurrent jurisdiction.

3. Where a court of co-ordinate jurisdiction acquires jurisdiction of a given case, it retains such jurisdiction until the case is finally determined in the mode prescribed by law.

4. Under the constitution and statutes of this state, it is the duty of a justice's court to take jurisdiction of and try a misdemeanor of which it has original jurisdiction whenever a case is properly commenced before such court.

5. Under the constitution, sec. 8 of art. 1, and the statutes, "magistrates" are given jurisdiction to hold preliminary examinations of such criminal cases as are not cognizable in justice and probate courts, and their jurisdiction to hold preliminary examinations is limited to crimes only that are beyond the original jurisdiction of justice and probate courts.

6. District courts cannot acquire jurisdiction of a misdemeanor within the justice's jurisdiction through the medium and process of a preliminary examination and information of the prosecuting attorney.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. E. A. Walters, Judge.

Prosecution for misdemeanor. Judgment for the defendant and the state appeals. *Affirmed.*

Henry F. Ensign, County Attorney, and Karl Paine, for Appellant.

We believe *Toncray v. Budge*, 14 Ida. 621, 95 Pac. 26, to be decisive of the question as to the power of district courts

to hear and determine misdemeanors of all grades, but we cite a few additional authorities to show that the jurisdiction of the district courts and of the courts of justices of the peace is concurrent in this class of misdemeanors. Sec. 8, art. 1 of the first constitution of the state of California provided that no persons could be held to answer for a capital or otherwise infamous crime (except in cases of impeachment, and in cases of petit larceny, under the regulation of the legislature) unless on presentment or indictment of a grand jury. This section and sec. 682 of the Penal Code were construed in *Ex parte McCarthy,* 53 Cal. 412. Also see *Green v. Sup. Court,* 78 Cal. 556, 21 Pac. 309; *Ex parte Dolan,* 128 Cal. 460, 60 Pac. 1095; *State v. Considine,* 16 Wash. 358, 47 Pac. 756; *In re Carillo,* 66 Cal. 3, 4 Pac. 695; 11 Cyc. 982-985; 12 Cyc. 199; *People v. Maxon,* 1 Ida. 330; *People v. Du Rell,* 1 Ida. 44.

Sullivan & Sullivan, for Respondent.

Misdemeanors of petty grades are punishable in justices' courts without indictment. (*People v. Maxon,* 1 Ida. 338.) A justice of the peace has no authority to decline to try a misdemeanor and bind the accused over to circuit court for trial. Even though such court has concurrent jurisdiction, it is the justice's duty to try the case. (1 Bishop's Crim. Proc., sec. 32; *Thomm v. State,* 35 Ark. 327; *Brown v. State,* 105 Ala. 117, 16 So. 929; *State v. Sargent,* 71 Minn. 28, 73 N. W. 626; *Darling v. Hubbell,* 9 Conn. 350; *Ex parte Donnelly,* 30 Kan. 191, 1 Pac. 648.)

AILSHIE, J.—This is a criminal prosecution for the violation of sec. 1350 of the Rev. Codes, which was sec. 10 of the medical act of 1899 (Sess. Laws 1899, p. 345). The complaint was filed in a justice's court of Blaine county, charging the defendant with practicing medicine and surgery without first having obtained a license as provided by law. The prosecuting attorney of the county appeared on behalf of the state and asked that a preliminary examination be held in conformity with law as prescribed by secs. 7565 to 7589,

Rev. Codes, relating to preliminary examinations. The defendant, on the other hand, made demand for a jury trial. The justice of the peace overruled the defendant's demand and proceeded to hold a preliminary examination. After hearing the evidence he bound the defendant over to the district court. On the convening of the next regular term of the district court, the prosecuting attorney filed his information against the defendant charging him with practicing medicine and surgery within Blaine county in violation of law and without a license. He also alleged in his information that the defendant had been given a preliminary examination before a justice of the peace and had been bound over to the district court. Defendant thereupon moved to quash and set aside the information and for his discharge, on the ground that the district court could not acquire jurisdiction of the action in such manner, and on the further ground that the justice of the peace had no jurisdiction to hold a preliminary examination in a case wherein he had original jurisdiction to try the case, and that the justice, therefore, had no jurisdiction to bind the defendant over to the district court. Other grounds were set forth in the motion. The court sustained the motion, quashed the information and discharged the defendant. This appeal is taken by the state.

In the first place the case is presented here upon the assumption and theory that the penalties and punishment prescribed by sec. 1350 of the Rev. Codes for a violation of the medical law constitute a misdemeanor within the jurisdiction of a justice of the peace. Upon that point, therefore, we are relieved of any consideration or discussion. The two propositions submitted to the court by appellant's brief are as follows:

"1. Has the district court concurrent jurisdiction of misdemeanors triable in a justice's court?

"2. Has a justice of the peace the power to bind over to the district court for trial a person charged with the commission of a misdemeanor of this class?"

In our view of this matter, it is unnecessary to pass upon the first question submitted, but since it has been presented and argued in the case, we shall answer and dispose of it.

Sec. 20 of art. 5 of the constitution provides as follows: "The district court shall have jurisdiction in all cases both at law and in equity, and such appellate jurisdiction as may be conferred by law." Under the foregoing provisions of the constitution all that is necessary to determine is whether or not a prosecution for a misdemeanor of which a justice's court has original jurisdiction is a case "at law." That it clearly is seems to us too plain to require argument or citation of authority. Such actions are referred to in sec. 8 of art. 1 of the constitution by the specific designation of "*cases* cognizable by . . . . justices of the peace." In *Toncray v. Budge,* 14 Ida. 635, 95 Pac. 30, this court, in considering the purport and meaning of the expression "all cases both at law and in equity," as contained in sec. 20 of art. 5 of the constitution, said:

"It would seem, however, that aside from the jurisdiction conferred by sec. 21, it must have been the intention of the framers of the constitution in drafting sec. 20 to cover all other subjects of judicial investigation, inquiry and determination that might arise under the constitution or laws of the state."

There can be no doubt under our constitution but that the district court has original jurisdiction in all misdemeanor cases, as well as in cases of felony.

We now pass to a consideration of the jurisdiction of justices' courts in cases of misdemeanor. Sec. 22 of art. 5 of the constitution says:

"In each county of this state there shall be elected justices of the peace as prescribed by law. Justices of the peace shall have such jurisdiction as may be conferred by law, but they shall not have jurisdiction of any cause wherein the value of property or the amount in controversy exceeds the sum of three hundred dollars, exclusive of interest, nor where the boundaries or title to any real property shall be called in question."

It will at once be noticed that the constitution does not undertake to in any manner fix or prescribe the jurisdiction of justices' courts in criminal cases, but leaves that entirely to the legislature; nor does it place any limitation upon the power of the legislature in conferring criminal jurisdiction on justices of the peace.

The legislature, acting under authority of, and in conformity with, the foregoing provision of the constitution, enacted sec. 3854, Rev. Codes, and thereby provided that justices' courts shall have criminal jurisdiction of offenses committed within their respective counties as follows: ''Petit larceny; assault and battery, not charged to have been committed upon a public officer in the discharge of his duties; breaches of the peace, riots, affrays, committing a wilful injury to property, and all misdemeanors punished by fine not exceeding three hundred dollars, or imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment.'' The legislature, acting under constitutional authority and direction, has conferred upon justices' courts co-ordinate and concurrent jurisdiction with the district court for trying and determining such offenses. The statute, secs. 8280 to 8314, inclusive, of the Rev. Codes prescribes the practice and procedure to be followed in justices' courts in criminal prosecutions from the time of filing the complaint (sec. 8280) to the entry of judgment. The statute also provides for granting new trials in justices' courts in criminal prosecutions (secs. 8304 and 8305). The statute further provides for the prosecution of an appeal from the judgment of conviction in a justice's court (secs. 8320 to 8327; also *State v. Barnard,* 13 Ida. 443, 90 Pac. 1). When a criminal action is commenced in a justice's court, of which such court has jurisdiction, there is only one way provided for removing or transferring the case to another court, and that is by change of venue as provided for in sec. 8285 of the Rev. Codes. In event, however, a change of venue is granted, the case is transferred either to another justice of the same county or to the probate court. Nowhere does the statute authorize a justice of the peace to

divest himself of jurisdiction of a criminal case of which his court has original jurisdiction, either by a transfer of the case to the district court or holding a preliminary examination. On the contrary, it is the duty of such court, if the defendant plead not guilty, to "try the case" (sec. 8284). Even if the defendant plead guilty, the justice may "examine witnesses to ascertain the gravity of the offense committed, and if it appears to the court that a higher offense has been committed than the offense charged in the complaint, the court may order the defendant to be committed or admitted to bail to answer any indictment which may be found against him by the grand jury" (sec. 8283). So it appears from this provision of the statute that although a defendant be charged with a misdemeanor, still if the justice discovers from the evidence that a higher grade of offense has been committed than that of which he has original jurisdiction, it is his duty to hold a preliminary examination and bind the defendant over to answer in the district court. Remembering, then, that it is the duty of the justice's court, when a case is commenced before it of which it has jurisdiction, to proceed to try the case, we turn to the other provisions of the statute to be found from secs. 7509 to 7589, dealing with informations before magistrates, arrests and preliminary examinations. These proceedings, it will be observed at once, are not trials. They are proceedings not had before courts, as such, but before certain officers who are styled and designated "magistrates." (Secs. 7509 to 7511 and sec. 8, art. 1, Const.) Sec. 7511 designates the persons who are and shall be magistrates within this state. The officer named under subdivision 1 of that section is not a court, nor does he alone constitute a court. At the same time he is a "magistrate," with power to issue warrants of arrest and to hold preliminary examinations. Magistrates, as such, are given a special and fixed jurisdiction by the constitution and statutes. The principle runs through all the provisions of the statute providing for preliminary examinations that they are to be held only in such cases as are beyond the jurisdiction of justices' courts. The

preliminary examination is a proceeding had both in conformity with the constitution (sec. 8, art. 1) and the statutes, whereby a person charged with the commission of an offense cognizable only in the district court may be held either in prison or under bail, to appear before the district court, there to answer any indictment by a grand jury or information by the prosecuting attorney that may be filed against him. It will be observed from an examination of sec. 8, art. 1 of the constitution, that no "commitment by a magistrate" is required in any criminal case "cognizable by probate courts or by justices of the peace," and that in no other case,—except cases of impeachment and cases arising in the militia,—can a person be held to answer for any felony or criminal offense, "unless on presentment or indictment of a grand jury, or on information of the public prosecutor, after a commitment by a magistrate." Other provisions of both the constitution and statute throwing light on this question might be cited, but the foregoing are sufficient to show clearly and beyond doubt that a justice's court is a court of concurrent and co-ordinate jurisdiction with the district court for the trial of offenses of which the justice's court is given original jurisdiction. It therefore follows that when such court acquires jurisdiction, it can only divest itself or be divested of that jurisdiction in a statutory method. It is a well-settled principle of law that where a court of co-ordinate jurisdiction acquires jurisdiction of a given case, it retains such jurisdiction until the case is finally determined in the mode prescribed by law. It is equally well settled that where two courts have concurrent jurisdiction of a case, the one first acquiring jurisdiction retains that jurisdiction until the case is finally determined. If while such case is pending another court of co-ordinate jurisdiction is resorted to for the prosecution of the same case, the latter court will dismiss the action as soon as the fact is properly called to the attention of the court that the case is already pending in another court of co-ordinate jurisdiction. (*State v. Chinault*, 55 Kan. 326, 40 Pac. 662; Whart. Cr. P. & P., sec. 441; Bishop Cr. Prac., sec. 315; *Mize v. State*, 49 Ga. 375; *Ex parte*

*Chetwood,* 165 U. S. 459, 17 Sup. Ct. 385, 41 L. ed. 788; *Moran v. Struges,* 154 U. S. 256, 14 Sup. Ct. 1019, 38 L. ed. 981; *Chapin v. James,* 11 R. I. 86, 23 Am. Rep. 412; *Withers v. Denmead,* 22 Md. 146.)

We conclude, therefore, that the district court could not acquire jurisdiction of the offense charged by the method pursued in this case. The case was, in contemplation of law, still pending in the justice's court when this information was filed by the prosecuting attorney in the district court, and a remedy was open to both the state and defendant to compel the justice to proceed to trial of the case. The district court must acquire jurisdiction of a misdemeanor that is also within the original jurisdiction of a justice's court, either by appeal or by virtue of its original jurisdiction. It cannot acquire it through the process of preliminary examination and information of the prosecuting attorney. The district court did not acquire jurisdiction of the case, and properly sustained the motion to quash the information and discharge the defendant. Order and judgment affirmed.

Stewart, J., concurs.

Sullivan, C. J., expressed no opinion.