(October 30, 1911.)

## STATE, Respondent, v. JOSIE WEST, Appellant.

### [118 Pac. 773.]

CRIMINAL LAW — PRELIMINARY EXAMINATION — MISDEMEANORS NOT COGNIZABLE BY JUSTICES OF THE PEACE—JURISDICTION OF DISTRICT COURT.

(Syllabus by the court.)

1. Under the provisions of sec. 8 of art. 1 of the constitution, "No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate, except in cases of impeachment, in cases cognizable by probate courts or by justices of the peace, and in cases arising in the militia when in actual service in time of war or public danger."

2. Under the provisions of sec. 8, art. 1, of the constitution, the district court has no jurisdiction to try a person charged with the commission of a misdemeanor for the punishment of which a penalty is prescribed in excess of that which justices' and probate courts have jurisdiction to impose, unless the accused has been first accorded a preliminary examination or has been indicted by a grand jury.

3. Under the provisions of sec. 3854, Rev. Codes, justices, and probate courts have jurisdiction of certain specified and enumerated misdemeanors and of all other misdemeanors generally which are punishable by fines not exceeding three hundred dollars, or imprisonment in the county jail not to exceed six months, or by both such fine and imprisonment.

4. The penalty prescribed by sec. 360 of the Rev. Codes for illegal voting by inmates of houses of ill-fame is in excess of the

jurisdiction of justices' and probate courts, and the only jurisdiction such courts have of the offense defined by this section of the statute is to hold a preliminary examination and commit the accused for trial in the district court.

5. Sec. 8 of art. 1 of the state constitution prohibits the district court trying any person accused of a public offense of which a justice or probate court has no jurisdiction until after the accused person has been accorded the right of a preliminary examination or has been indicted by a grand jury.

APPEAL from the District Court of the First Judicial District for the County of Shoshone. Hon. William W. Woods, Judge.

Prosecution for voting in violation of the provisions of sec. 360 of the Rev. Codes. From a judgment of conviction defendant appealed. *Reversed.*

Featherstone & Fox, for Appellant.

The regular justice court procedure was adopted in violation of the provisions of sec. 8, art. 1 of the constitution. (*State v. Raaf,* 16 Ida. 416, 101 Pac. 747.)

D. C. McDougall, Attorney General, O. M. Van Duyn, J. H. Peterson, Assistants to the Attorney General, James A. Wayne, and John H. Wourms, for Respondent.

The defendant in this case admits in his argument that the district court has original jurisdiction of an original misdemeanor, and consequently his motion in the lower court is not supported even by his own argument. However, we cite the following cases: *Ex parte McCarty,* 53 Cal. 412; *Green v. Superior Court,* 78 Cal. 556, 27 Pac. 307, 541; *Ex parte Dolan,* 128 Cal. 460, 60 Pac. 1095; *State v. Considine,* 16 Wash. 358, 47 Pac. 756; *In re Carillo,* 66 Cal. 3, 4 Pac. 695; 11 Cyc. 982–985; 12 Cyc. 199; *People v. Maxon,* 1 Ida. 330; *People v. Du Rell,* 1 Ida. 44; *State v. Raaf,* 16 Ida. 416, 101 Pac. 747.

AILSHIE, J.—The appellant was convicted of violating sec. 360 of the Rev. Codes. It was charged by the complaint that while she was an inmate of a house of ill-fame she regis-

tered and voted at an election held in the city of Wallace. From such conviction this appeal has been prosecuted.

On the 22d day of April, 1911, John H. Wourms, a practicing attorney in the city of Wallace, made and filed a complaint with the clerk of the district court of Shoshone county, charging one Josie West, the appellant herein, with voting in violation of sec. 360 of the Rev. Codes. A warrant of arrest was thereupon issued by the Hon. William W. Woods, judge of the district court of Shoshone county, and the defendant was thereupon arrested and brought before the court. Defendant moved the court to quash the complaint and warrant and service thereof, and discharge her on the ground that the court had no jurisdiction to try the cause. This motion was based on a number of grounds, among which was urged as a reason for the motion that the defendant had never been accorded a preliminary examination and had never been indicted by a grand jury, and that for such reason the district court had no jurisdiction to try her on such charge.

It is conceded and admitted that no preliminary examination was ever accorded the defendant and that she had never been indicted by a grand jury. The motion was denied and the defendant was placed on trial and convicted and sentenced to pay a fine. The statute, sec. 360, Rev. Codes, provides that the penalty for the violation thereof shall be "a fine not exceeding $500, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment." This penalty exceeds the jurisdiction of a justice or probate court and places the offense in the catalogue of misdemeanors commonly known and designated as indictable misdemeanors. In other words, a justice of the peace or probate judge has no jurisdiction to try and punish offenders under this statute. The only jurisdiction over such offenses these courts have is to hold preliminary examinations and bind the accused person over to the district court.

Sec. 8 of art. 1 of the constitution of this state provides as follows:

"No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate, except in cases of impeachment, in cases cognizable by probate courts or by justices of the peace, and in cases arising in the militia when in actual service in time of war or public danger. Provided, that a grand jury may be summoned upon the order of the district court in the manner provided by law; and, provided, further, that after a charge has been ignored by a grand jury, no person shall be held to answer or for trial therefor upon information of the public prosecutor."

It will be observed by the foregoing provisions of the constitution that no person can be placed upon trial "for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate, except in cases of impeachment, in cases cognizable by probate courts or by justices of the peace, and in cases arising in the militia when in actual service in time of war or public danger."

The statute, sec. 3854, of the Rev. Codes, defines the criminal jurisdiction of the justice's court as follows:

"These courts have jurisdiction of the following public offenses, committed within the respective counties in which such courts are established:

"1: Petit larceny;

"2: Assault and battery, not charged to have been committed upon a public officer in the discharge of his duties;

"3: Breaches of the peace, riots, affrays, committing a wilful injury to property, and all misdemeanors punished by fine not exceeding three hundred dollars, or imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment."

Sec. 3841, Rev. Codes, confers upon probate courts "concurrent jurisdiction with justices of the peace in criminal cases."

The penalty provided under sec. 360, *supra,* is in excess of that named by sec. 3854 as the maximum jurisdiction of the justice or probate court in criminal cases.

In *State v. Raaf,* 16 Ida. 411, 101 Pac. 747, this court had occasion to consider the question as to when a district and justice court have concurrent jurisdiction of an offense and when a justice court has jurisdiction to hold a preliminary examination. This court concluded, and so held, that justices' courts and the district court have concurrent jurisdiction in misdemeanor cases which come within the justices' jurisdiction, and that in such cases a justice of the peace has no authority or jurisdiction to hold a preliminary examination and commit the party to the district court. Cases of which justice and probate courts have jurisdiction are specifically excluded from the operation of sec. 8, art. 1, of the constitution, in so far as it is necessary that they be accorded a preliminary examination or be presented by indictment of a grand jury. On the contrary, all offenses, whether felonies or misdemeanors, not cognizable by a probate or justice court must be accorded either a preliminary examination or be presented by the indictment of a grand jury.

This court held to the same general effect in *State v. McGreevey,* 17 Ida. 453, 105 Pac. 1047.

In *State v. Raaf, supra,* this court said: "The principle runs through all the provisions of the statute providing for preliminary examinations that they are to be held only in such cases as are beyond the jurisdiction of justices' courts. The preliminary examination is a proceeding had both in conformity with the constitution (sec. 8, art. 1) and the statutes, whereby a person charged with the commission of an offense cognizable only in the district court may be held either in prison or under bail, to appear before the district court, there to answer any indictment by a grand jury or information by the prosecuting attorney that may be filed against him. It will be observed from an examination of sec. 8, art. 1, of the constitution, that no 'commitment by a magistrate' is required in any criminal case 'cognizable by probate courts or by justices of the peace,' and that in no other case,—except cases of impeachment and cases arising in the militia,—can a person be held to answer for any felony or criminal offense, 'unless on presentment or indictment of a grand jury, or on

information of the public prosecutor, after a commitment by a magistrate.' ''

In harmony, therefore, with the provisions of sec. 8, art. 1, of the constitution, it was necessary that the appellant herein be accorded her constitutional right of either a preliminary examination or presentment or indictment by a grand jury before she could be lawfully placed upon trial in the district court for the offense with which she is charged in this case. This offense, although a misdemeanor, is beyond and in excess of the jurisdiction of the justices' or probate court; and, that being the case, the provisions of the constitution are mandatory, and she must be accorded the rights and privileges therein enumerated.

It follows from what has been said that the judgment in this case must be reversed. The question as to the wisdom or public importance of hereafter holding a preliminary examination on this charge rests with the prosecuting attorney. The judgment is reversed.

Stewart, C. J., and Sullivan, J., concur.