(June 22, 1915.)

CARLTON FOX, Prosecuting Attorney for Shoshone County, ex rel. STATE, Plaintiff, v. JOHN M. FLYNN, Presiding Judge First Judicial District for Shoshone County, Defendant.

[150 Pac. 44.]

DISTRICT COURTS—JURISDICTION IN MISDEMEANOR CASES—CONCURRENT WITH PROBATE AND JUSTICES' COURTS—METHODS OF PROCEDURE ADOPTED, SEC. 3925, REV. CODES.

1. Sec. 20, art. 5, of the constitution, provides: "The district court shall have original jurisdiction in all cases, both at law and

in equity, and such appellate jurisdiction as may be conferred by law."

2. Sec. 13, art. 5, of the constitution, provides: "The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a co-ordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the supreme court, so far as the same may be done without conflict with this constitution." The above provision of the constitution is a restriction upon the power of the legislature to limit the jurisdiction conferred by the constitution on the judicial department of the state. The legislature has no power to prescribe a jurisdiction for the district courts of the state less broad than contained in sec. 20, art. 5, of the constitution.

3. It is the settled law of this state, under sec. 20, art. 5, and the decisions of this court, construing said section of the constitution, that district courts have original jurisdiction in all misdemeanor cases, including such misdemeanors as are cognizable in the first instance by probate and justices' courts.

4. Sec. 22, art. 5, of the constitution, provides in part: "Justices of the peace shall have such jurisdiction as may be conferred by law, but they shall not have jurisdiction of any cause wherein the value of property or the amount in controversy exceeds the sum of three hundred dollars, exclusive of interest, nor where the boundaries or title to any real property shall be called in question."

5. Sec. 8, art. 1, of the constitution, provides that "No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate, except in cases of impeachment, in cases cognizable by probate courts or by justices of the peace, and in cases arising in the militia when in actual service in time of war or public danger."

6. Sec. 20, art. 5, enlarged the jurisdiction of the district courts so as to include cases cognizable by the inferior courts in addition to cases which, prior to the adoption of the constitution, were prosecuted by indictment only.

7. Sec. 8, art. 1, of the constitution, places a limitation upon the power of the legislature to confer criminal jurisdiction on probate and justices' courts. (Case of *State v. Raaf*, 16 Ida. 411, 101 Pac. 747, cited and modified.)

8. In construing sec. 8, art. 1, in the light of the system of courts existing prior to, and at the time of, the adoption of our constitution, it was obviously intended to limit the jurisdiction of the probate and justices' courts in criminal and civil cases, giving

to them jurisdiction over such misdemeanor cases as were triable in such courts under the statutes of the territory as they existed prior to the adoption of the constitution. It was also intended to provide that probate judges and justices of the peace act as committing magistrates, before whom any person charged with a felony may have, or waive, a preliminary examination.

9. When jurisdiction was conferred upon the district courts by the constitution in all cases, both at law and in equity, there was conferred, as an incident to such grant, the power to make the same effective by any suitable process or mode of procedure, and district courts may avail themselves of the method of procedure prescribed by the statutes for inferior courts, or as provided by sec. 3925, Rev. Codes.

10. Where a district court, in a proper case, assumes jurisdiction of a misdemeanor, cognizable before a probate or justices' court, and files a complaint and issues a warrant, it is the duty of said court to proceed with the trial of the cause; and a writ of mandate will issue from this court compelling such court to so proceed.

Original application for writ of mandate directing Hon. John M. Flynn, presiding judge of the first district in and for Shoshone county, to assume original jurisdiction and proceed with the trial of a certain misdemeanor cognizable in probate and justices' courts. *Writ granted.*

J. H. Peterson, Atty. Genl., and E. G. Davis and T. C. Coffin, Assistants, for Plaintiff.

A misdemeanor is a case at law, and therefore within the original jurisdiction of the district. (*Toncray v. Budge,* 14 Ida. 621, 635, 95 Pac. 26; *State v. Raaf,* 16 Ida. 411, 414, 101 Pac. 747; *State v. West,* 20 Ida. 387, 118 Pac. 773.)

When one or more courts may take cognizance of the same case in the first instance, they are said to have concurrent original jurisdiction. (*Hercules Iron Works v. Elgin etc. Ry. Co.,* 141 Ill. 491, 30 N. E. 1050; Bouvier's Law Dictionary.)

When a court has been granted a certain jurisdiction by the constitution, all the means necessary to the exercise of that jurisdiction are included within the grant. (*McDougall v. Sheridan,* 23 Ida. 191, 224, 128 Pac. 954.)

Walter H. Hanson and James A. Wayne, for Defendant.

It was the apparent understanding of those participating in the constitutional convention that misdemeanors would be best handled by courts of inferior jurisdiction and not of record. (Proceedings Idaho Const. Convention, pp. 272–278.)

Prior to the adoption of the constitution, the only method of prosecuting a misdemeanor in district courts was by an indictment. (*People v. Du Rell,* 1 Ida. 44.)

While felonies may be prosecuted by information, that right does not extend to misdemeanors. (*State v. West,* 20 Ida. 387, 118 Pac. 773; *State v. Braithwaite,* 3 Ida. 119, 27 Pac. 731.)

In any case, no man can be brought before a court except on a warrant of arrest issued by a magistrate, such officer being especially entrusted with the power of issuing that process. (*State v. Raaf,* 16 Ida. 411, 101 Pac. 747.)

The legislature did not make the district judge a magistrate, and therefore he is powerless to issue a warrant.

While it is true that if the legislature has failed to prescribe procedure in criminal prosecutions, the court may do so, this rule does not apply where there is a statutory procedure which may be followed. (*McDougall v. Sheridan,* 23 Ida. 191, 224, 128 Pac. 954; *Gardner v. Superior Court of Los Angeles County,* 19 Cal. App. 548, 126 Pac. 501; *Ex parte Westenberg,* 167 Cal. 309, 139 Pac. 674; *People v. Budd,* 24 Cal. App. 176, 140 Pac. 714.)

BUDGE, J.—This is an original proceeding in this court and arises upon a petition for a writ of mandate directing the presiding judge of the district court of the first judicial district in and for Shoshone county to assume original jurisdiction, and proceed to the trial of a certain case involving a misdemeanor triable in probate and justices' courts.

The facts out of which this case arise may be briefly stated as follows:

The prosecuting attorney of Shoshone county subscribed and swore to a criminal complaint before the Honorable

William W. Woods, judge of the first judicial district, charging L. E. Sweet, W. A. Simons, the Sweet Hotel Company, a corporation, and L. E. Sweet and W. A. Simons, managers of said hotel company, a corporation, with the crime of permitting gambling in the city of Wallace, Shoshone county, Idaho. In that case the defendants filed a motion for a change of judge, and also a motion to quash and dismiss the action, which had been begun as aforesaid. The motion for a change of judge was granted, and Judge John M. Flynn, one of the judges of the eighth judicial district, and the defendant in this action, was called to hear the case upon the motion to quash and dismiss. After hearing said motion, the said Judge Flynn, on December 9, 1914, made an order granting the motion of the defendants to quash and dismiss the action, "upon the grounds and for the reasons that prior to the filing of the criminal complaint herein no presentment or indictment had been found by a grand jury charging the defendants with the crime set forth in said criminal complaint; that no complaint or information or allegation in writing has ever been made to a magistrate charging the defendants herein with the commission of the crime set forth in said criminal complaint, and that the district judge is not a magistrate within the provisions of the statutes of this state and had no jurisdiction to issue a warrant of arrest upon said criminal complaint; and upon the further ground that a criminal prosecution in the district court cannot be instituted by the filing of a criminal complaint in this court and the issuance of a warrant of arrest thereon."

There are two questions involved in this case: First, Have district courts original jurisdiction to hear and determine misdemeanor cases cognizable in probate and justices' courts; and upon a proper showing, is it their duty to hear and determine such cases in the first instance? Second, If district courts have original jurisdiction in misdemeanor cases cognizable in the probate and justices' courts, what methods or procedure must be followed in the exercise of such jurisdiction? We will discuss these questions in the order above given.

Sec. 20, art. 5, of the constitution, provides as follows:

"The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law."

In the case of *State v. Raaf*, 16 Ida. 411, 101 Pac. 747, this court held that, under the above section of the constitution, district courts have original jurisdiction in all misdemeanor cases, as well as in cases of felony. This court held to the same general effect in *State v. McGreevey*, 17 Ida. 453, 105 Pac. 1047. In the case of *State v. West*, 20 Ida. 387, 118 Pac. 773, in referring to the case of *State v. Raaf, supra,* this court used the following language:

"This court concluded, and so held, that justices' courts and the district court have concurrent jurisdiction in misdemeanor cases which come within the justices' jurisdiction, and that in such cases a justice of the peace has no authority or jurisdiction to hold a preliminary examination and commit the party to the district court." And the court further held that, where two or more courts have concurrent jurisdiction, the court which first obtains jurisdiction must retain it to a final determination of the cause.

Sec. 13, art. 5, of the constitution is as follows:

"The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a co-ordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the supreme court, so far as the same may be done without conflict with this constitution."

The above provision of the constitution is a restriction upon the power of the legislature to limit the jurisdiction conferred by the constitution on the judicial department of the state. While the legislature may provide a proper system of appeals and regulate, by law, when necessary, the methods of proceeding in the exercise of the powers of all the courts below the supreme court, in doing so, it has no power to prescribe a jurisdiction for the district courts of the state, which

is less broad than contained in section 20, article 5, of the constitution.)

We think it to be the settled law of this state, under sec. 20, art. 5, *supra,* and the decisions of this court above cited, construing said section of the constitution, that district courts have original jurisdiction in all misdemeanor cases, including such misdemeanors as are cognizable in the first instance by probate or justices' courts.

This, then, brings us to a discussion of the second question. Probate courts are, by section 21, article 5, of the constitution, given concurrent jurisdiction with justices of the peace in all criminal cases. Sec. 22, art. 5, of the constitution provides in part as follows:

"Justices of the peace shall have such jurisdiction as may be conferred by law, but they shall not have jurisdiction of any cause wherein the value of property or the amount in controversy exceeds the sum of three hundred dollars, exclusive of interest, nor where the boundaries or title to any real property shall be called in question."

In discussing this section of the constitution in the Raaf case, this court used the following language:

"It will at once be noticed that the constitution does not undertake to in any manner fix or prescribe the jurisdiction of justices' courts in criminal cases, but leaves that entirely to the legislature; nor does it place any limitation upon the power of the legislature in conferring criminal jurisdiction on justices of the peace."

This statement of the court, when considered in connection with sec. 8, art. 1, of the constitution, is, in our opinion, too broad. Said section provides: "No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate, except in cases of impeachment, in cases cognizable by probate courts or by justices of the peace, and in cases arising in the militia when in actual service in time of war or public danger." Prior to the adoption of the constitution, our system of courts in the territory of Idaho was

practically the same as it is now in the state; and the juris-
diction of the district courts was limited in criminal cases
to the trial of indictments.   (Sec. 7600, Rev. Stat. 1887.)
The provisions of sec. 8, art. 1, of the constitution, afforded
the basis for adding to the procedure of the district court the
method, now in vogue, of prosecuting on information of
the public prosecutor, and sec. 20, art. 5, enlarged the juris-
diction of the district courts, so as to include cases cognizable
by inferior courts, in addition to cases which, prior to the
adoption of the constitution, were prosecuted by indictment
only.   We are of the opinion that sec. 8, art. 1, of the con-
stitution, places a limitation upon the power of the legis-
lature in conferring criminal jurisdiction on probate courts,
or on justices of the peace, and to that extent, we think the
decision in the case of *State v. Raaf, supra,* should be modi-
fied.   From an investigation of the proceedings had in the
constitutional convention, it is clear to our minds that it was
never intended by the framers of the constitution to confer
upon the legislature the power to invest probate and jus-
tices' courts with unlimited criminal jurisdiction, and when
sec. 22, art. 5, of the constitution was adopted, it was not
intended to confer upon justices of the peace and probate
courts jurisdiction in felony cases.   When this provision of
the constitution is considered in the light of the system of
courts existing prior to, and at, the time of the adoption of
our constitution, it cannot be construed to invest the legis-
lature with power to confer on probate and justices' courts
jurisdiction in felony cases.   It was obviously intended to
limit the jurisdiction of the probate and justices' courts both
in criminal and civil matters, giving to them jurisdiction
only over such misdemeanors as were triable in such courts
under the statutes as they existed prior to the adoption of the
constitution; also to provide that probate judges and justices
of the peace act as committing magistrates, before whom
any person charged with a felony may have, or waive, a pre-
liminary examination, and to invest these courts with au-
thority to bind such persons over to await the action of the
district court or the grand jury.  Sec. 8, art. 1, which pro-

vides that "No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate," prohibits the legislature from conferring, by law, upon probate or justices' courts, jurisdiction in any case where a person is held to answer for any felony or criminal offense, and that such person can be held to answer only on presentment or indictment of a grand jury, or on information of the public prosecutor, after commitment by a magistrate; and that the authority of probate judges and justices of the peace, in conducting preliminary examinations as provided by the statutes of this state, is limited by sec. 8, art. 1, to the duties of magistrates. They have original jurisdiction only in such misdemeanor cases as are by statute made capable of being tried in their courts; and are limited in the jurisdiction, which may be conferred upon them by the legislature, to such cases as were cognizable by such courts at the time the constitution was adopted.

It is conceded by counsel for respondent that the jurisdiction of district courts was enlarged under sec. 20, art. 5, of the constitution, but contended that the legislature has failed to prescribe a method of procedure, and consequently, district courts have no authority to entertain cases over which they have original or concurrent jurisdiction with probate and justices' courts.

It would seem that, when jurisdiction is conferred upon the district court by the constitution in all cases, both at law and in equity, there is also conferred, as an incident of such grant, the power to make the same effective by any suitable process or mode of procedure which may be adopted, and that the district court could avail itself of the method of procedure prescribed by the statutes for the inferior courts, or as provided by sec. 3925, Rev. Codes, viz., "When jurisdiction is, by this code or by any other statute, conferred on a court or judicial officer all the means necessary to carry it into effect are also given; and in the exercise of the jurisdiction if the course of proceedings be not specially pointed

out by this code, or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code.'' This section of the statute was followed by this court in the case of *McDougall v. Sheridan,* 23 Ida. 191, 128 Pac. 954.

It is not for us to speculate upon the wisdom of the provisions of the constitution which thus extend the jurisdiction of our district courts. Clearly it was not intended that, in general, the class of cases cognizable by the inferior courts should be originally tried in the district courts. Over the proceedings in the district courts trial judges have control, and only in proper cases, and upon a proper showing made, should the district courts assume original jurisdiction in cases cognizable in the probate or justices' courts. Circumstances might arise, in view of local conditions, that would warrant a district court to assume jurisdiction in misdemeanor cases, in order that the laws of the state be enforced, and that justice be done to litigants. Trial courts, under our system, are in a position to advise county attorneys as to the expediency of prosecuting, in the first instance, misdemeanor cases in the district courts; but where a sufficient showing is made that justice cannot be procured by a trial in the inferior courts, under the constitutional provision above cited, district courts have original jurisdiction to try and determine all cases, both at law and in equity, and are clothed with authority to adopt the procedure prescribed for the trial of misdemeanor cases in the inferior courts, or such mode of procedure as may appear most conformable to the spirit of the code.

Where a district court assumes jurisdiction by filing a complaint and issuing a warrant in misdemeanor cases, it is the duty of such court to proceed with the trial of the cause, and a writ of mandate will issue from this court requiring such district court to so proceed.

It is therefore ordered that a writ of mandate issue directed to the presiding judge of the first judicial district, to proceed with the trial of the above-entitled cause.

Sullivan, C. J., and Morgan, J., concur.