(No. 5732. October 29, 1931.)

STATE, Appellant, v. GLEN WILMOT, Respondent.

[4 Pac. (2d) 363.]

Fred J. Babcock, Attorney-General, Z. Reed Millar, Assistant Attorney General, and Carl A. Burke, Prosecuting Attorney, Ada County, for Appellant.

C. H. Edwards, for Respondent.

GIVENS, J.—Defendant demurred to, and moved to quash, a criminal complaint filed against him in the district court under chap. 198, 1925 Sess. Laws, p. 368, on the ground, among others, that because sec. 2 of the act requires that all actions or proceedings thereunder, though designated misdemeanors, "shall" be in the district court, the act violates art. 1, sec. 8, of the Constitution.

This provision of the Constitution requires a preliminary examination, or action by a grand jury, before prosecution in the district court, of all criminal causes, except, so far as material here, "cases cognizable by probate courts or by justices of the peace. . . . . "

"Cognizable" in law is defined as "capable of being tried or examined before a designated tribunal; as, an offense cognizable before a justice." (Funk & Wagnalls New Standard Dictionary.) By the terms of the act herein questioned, actions and proceedings under it are mandatorily confined to the district court, and therefore though designated misdemeanors, are not cognizable by justices of the peace and probate courts. Actions under the act in question, not being cognizable by a justice of the peace or probate court, would then require a preliminary examination. (*State v. West,* 20 Ida. 387, 118 Pac. 773), but the statute says all "actions or proceedings" shall be in the district court.

"Actions" or "proceedings" generally are not confined to the trial. (1 C. J., p. 943.) Hence, a preliminary examination is not authorized, so there is no method of proceeding in accordance with the Constitution.

The context of the act precludes us from eliminating sec. 2 therefrom. (*Epperson v. Howell,* 28 Ida. 338, 154 Pac. 621.) Considering "shall" as permissive, allowing trials before justices of the peace or probate courts, would make the use of the word "shall" meaningless, since the district courts already had, and have, concurrent jurisdiction with justices of the peace and probate courts, of misdemeanors. (*Fox v. Flynn,* 27 Ida. 580, 150 Pac. 44.)

Judgment sustaining the demurrer and granting the motion to quash affirmed.

Lee, C. J., and Budge, Varian and McNaughton, JJ., concur.