(No. 6132.   June 30, 1934.)

STATE OF IDAHO, on the Relation of S. S. GUNDLACH, Prosecuting Attorney of Shoshone County, State of Idaho, Plaintiff, v. ALBERT H. FEATHERSTONE, Judge of the First Judicial District, in Shoshone County, State of Idaho, Defendant.

[34 Pac. (2d) 62.]

S. S. Gundlach, for Plaintiff.

Chas. E. Horning, for Defendant.

MORGAN, J.—On plaintiff's petition we issued an alternative writ of mandate commanding defendant, who is judge of the first judicial district of Idaho, which comprises Shoshone County, to assume and assert jurisdiction over a case entitled *State of Idaho, plaintiff, v. Alex McFarlane, defendant*, for trial thereof, or that he show cause why he has not done so. Answer was filed, but a trial will not be necessary for the case will be disposed of on the undisputed facts set out in the petition for the writ.

The petition shows McFarlane was charged, in the probate court of Shoshone County, with violating I. C. A., sec. 48–528, which is as follows:

"a. The driver of any vehicle involved in an accident resulting in injury or death to any person shall immediately stop such vehicle at the scene of such accident and any person violating this provision shall upon conviction be punished as provided in section 48–558.

"b. The driver of any vehicle involved in any collision or in an accident resulting in damage to property shall immediately stop such vehicle at the scene of such accident and any person violating this provision shall upon conviction be punished as provided in section 48–557.

"c. The driver of any vehicle involved in any accident resulting in injury or death to any person or damage to property shall also give his name, address and the registration number of his vehicle and exhibit his operator's or chauffeur's license, if such license is required by law, to the person struck or the driver or occupants of any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by the injured person."

It is petitioner's theory that subd. (a) and subd. (c) of that section are to be read and construed together and define, and provide for the punishment of, an indictable misdemeanor which is not within the jurisdiction of the probate court to try. The probate judge, adopting that theory, gave the accused a preliminary examination and held him to answer in the district court, reciting in the order:

"It appearing that Alex McFarlane, the defendant herein, while driving an automobile on the 25th day of December, 1933, in Shoshone County, State of Idaho, did strike and injure Oscar Carlson and did fail to render reasonable or any assistance to the said Oscar Carlson, but left the said Oscar Carlson lying injured in the road at said time and place contrary to Idaho Code Annotated—48–528.

"IT IS ORDERED, That the said Alex McFarlane be held to answer the same in the District Court," etc.

An information was filed in the district court charging McFarlane as follows:

"Alex McFarlane, defendant, is accused by S. S. Gundlach, Prosecuting Attorney for the County of Shoshone, State of Idaho, of failure to render reasonable assistance after striking and injuring person; that the said Alex McFarlane having been held to answer to said charge upon preliminary examination held thereon in said Shoshone County, State of Idaho.

"Said crime was committed as follows, to-wit: By Alex McFarlane who, on or about December 25, 1933, in and at the County of Shoshone, State of Idaho, did drive a certain automobile into, against and over one Oscar Carlson, then and there being, thereby greatly injuring said Oscar Carlson, from which said injuries within 24 hours thereafter the said Oscar Carlson did die and he the said Alex McFarlane wilfully, unlawfully and feloniously did then and there fail to stop and render aid and reasonable assistance to the said Oscar Carlson, contrary to Title 48, Section 528 Idaho Codes Annotated, against the peace and dignity of the State of Idaho."

When the case was called for trial defendant therein objected to impaneling a jury and to the trial on the ground

that the district court was without jurisdiction to try the case, and that the probate court was without jurisdiction to hold the preliminary examination. He also withdrew his plea and moved that the information be quashed. The objection and motion were sustained, whereupon this proceeding was commenced by the prosecuting attorney.

Idaho Constitution, art. 5, sec. 21, provides probate courts shall have concurrent jurisdiction with justices of the peace in criminal cases, and I. C. A., sec. 1–1406, gives jurisdiction to justices' courts of misdemeanors punished by fine not exceeding $300, or imprisonment in the county jail not exceeding six months, or both.

In *State v. Raaf*, 16 Ida. 411, 415, 101 Pac. 747, 749, this court said:

"Nowhere does the statute authorize a justice of the peace to divest himself of jurisdiction of a criminal case of which his court has original jurisdiction, either by a transfer of the case to the district court or holding a preliminary examination. On the contrary, it is the duty of such court, if the defendant plead not guilty, to 'try the case.' "

After discussing certain constitutional and statutory provisions the court said:

"Other provisions of both the constitution and statute throwing light on this question might be cited, but the foregoing are sufficient to show clearly and beyond doubt that a justice's court is a court of concurrent and co-ordinate jurisdiction with the district court for the trial of offenses of which the justice's court is given original jurisdiction. It therefore follows that when such court acquires jurisdiction, it can only divest itself or be divested of that jurisdiction in a statutory method. It is a well-settled principle of law that where a court of co-ordinate jurisdiction acquires jurisdiction of a given case, it retains such jurisdiction until the case is finally determined in the mode prescribed by law. It is equally well settled that where two courts have concurrent jurisdiction of a case, the one first acquiring jurisdiction retains that jurisdiction until the case is finally determined. If while such case is pending another court

of co-ordinate jurisdiction is resorted to for the prosecution of the same case, the latter court will dismiss the action as soon as the fact is properly called to the attention of the court that the case is already pending in another court of co-ordinate jurisdiction. . . . .

"We conclude, therefore, that the district court could not acquire jurisdiction of the offense charged by the method pursued in this case. The case was, in contemplation of law, still pending in the justice's court when the information was filed by the prosecuting attorney in the district court, and a remedy was open to both the state and defendant to compel the justice to proceed to trial of the case. The district court must acquire jurisdiction of a misdemeanor that is also within the original jurisdiction of a justice's court, either by appeal or by virtue of its original jurisdiction. It cannot acquire it through the process of preliminary examination and information of the prosecuting attorney." (See, also, *State v. West*, 20 Ida. 387, 118 Pac. 773; *Fox v. Flynn*, 27 Ida. 580, 150 Pac. 44.)

Separate and distinct crimes are defined in subdivisions (a) and (c) of sec. 48-528. Subdivision (a) makes it the duty of the driver of a vehicle involved in an accident, resulting in injury or death of a person, to immediately stop such vehicle at the scene of the accident and a violation of that provision is made a crime. Subdivision (c) makes it the duty of the driver of a vehicle involved in an accident, resulting in injury or death to a person or damage to property, to give his name, address and registration number of his vehicle and exhibit his operator's or chauffeur's license, if such license is required by law, to the person struck or to the driver or occupants of any vehicle collided with, and to render any person injured in such accident the assistance required by that subdivision.

One who stops, as required by law, is not guilty of violating subd. (a) and, although he stop, he is guilty of violating subd. (c) if he does not also furnish the information and give the assistance therein required.

If the crime of which McFarlane was accused by the information was one within the jurisdiction of the probate

court, it was the duty of the defendant herein to quash the information and remand the case to that court for trial.

An examination of the above-quoted order, made by the probate judge, and of the information heretofore set out shows McFarlane was held to answer for a violation of subd. (c) of sec. 48–528, and was accused, in the district court, of violating that subdivision.

The penalty for violating subd. (c) is fixed by I. C. A., sec. 48–557, which provides:

"a. It shall be unlawful and constitute a misdemeanor for any person to violate any of the provisions of this chapter unless such violation is by this chapter or other law of this state declared to be a felony.

"b. Every person convicted of a misdemeanor for a violation of any of the provisions of this chapter for which another penalty is not provided shall for a conviction thereof be punished by a fine of not more than $100.00 or by imprisonment in the county or municipal jail for not more than thirty days; for a second such conviction within one year thereafter such person shall be punished by a fine of not more than $200.00 or by imprisonment in the county jail for not more than sixty days or by both such fine and imprisonment; upon a third or subsequent conviction within one year after the first conviction, such person shall be punished by a fine of not more than $300.00 or by imprisonment in the county jail for not more than six months or by both such fine and imprisonment."

The case is within the jurisdiction of the probate court and the district court did not acquire jurisdiction of it. The alternative writ heretofore issued is quashed and the proceeding is dismissed.

Further discussion of subd. (a), sec. 48–528, is unnecessary to a decision of this case. However, we invite attention to the fact that the penalty for violating that subdivision is in a state of uncertainty which should be corrected by the legislature. It is provided in said subdivision that "any person violating this provision shall upon conviction be punished as provided in section 48–558." That section provides as punishment for an habitual user of narcotic drugs or a

person who is under the influence of intoxicating liquor or narcotic drugs who drives a vehicle on a highway in this state, that he be imprisoned in the county or municipal jail for not less than thirty days nor more than six months or by fine of not less than $100 nor more than $300, or both, for the first offense, and on a subsequent conviction he shall be imprisoned in the state penitentiary at hard labor for not less than two years and not more than five years. Section 48-560 provides:

"Every person convicted of violating section 48-528a relating to the duty to stop in the event of certain accidents shall be punished by imprisonment in the county jail for not less than thirty days nor more than one year or in the state prison for not less than one nor more than five years or by a fine of not less than $100.00 nor more than $5000, or by both such fine and imprisonment. . . . . "

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.