557 P.2d 631

**Roy Allen GIBBS, Petitioner-Appellant,**

v.

**Honorable Russell C. SHAUD, Respondent.**

**No. 12103.**

Supreme Court of Idaho.

Dec. 9, 1976.

Golden R. Bennett of Bennett, Frachiseur & Cottrell, Twin Falls, for petitioner-appellant.

Wayne L. Kidwell, Atty. Gen., Gordon S. Nielson, Sr. Deputy Atty. Gen., Boise, Eugene D. Fredericksen, Sp. Asst. Atty. Gen., Jerome, for respondent.

David H. Leroy, Ada County Pros. Atty., Boise, amicus curiae.

McFADDEN, Chief Justice.

This appeal is from a judgment and order of the District Court quashing and dismissing a petition for writ of mandate. The facts giving rise to this action are as follows: Roy Allen Gibbs, the petitioner-appellant, was charged in the magistrate's division of the district court in Jerome County with the crime of illegal possession of a controlled substance in violation of I. C. § 37–2732(c)(2), maximum punishment for which is imprisonment for not more than one year, or by a fine of not more than $1,000, or both. Gibbs moved to have a preliminary examination on the charge. Hon. Russell C. Shaud, the respondent, a magistrate in Jerome County, denied the motion; appellant then, by petition to the district court, sought a peremptory writ of mandate to compel the magistrate to provide a preliminary hearing.

The district court, following a hearing, filed its judgment and order dismissing and quashing the writ and Gibbs appealed. This court affirms.

The issue presented by this appeal is whether a person charged with a criminal offense of lesser degree than a felony is entitled to a preliminary examination. Resolution of this issue necessitates a brief review of the historical development of constitutional provisions, statutes and rules dealing with criminal procedure.

Idaho Const. Art. 1, § 8, provides:

"No person shall be held to answer for any felony or criminal offense of any

grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate, except in cases of impeachment, *in cases cognizable by probate courts or by justices of the peace,* and in cases arising in the militia when in actual service in time of war or public danger; provided, that a grand jury may be summoned upon the order of the district court in the manner provided by law, and provided further, that after a charge has been ignored by a grand jury, no person shall be held to answer, or for trial therefor, upon information of the public prosecutor." (Emphasis added.)

Whether this constitutional provision entitles a defendant to a preliminary hearing has in the past been dependent upon the construction given the phrase excepting "cases cognizable by probate courts or by justices of the peace" from the requirement of a grand jury indictment or a preliminary hearing. An interpretation of that excepting phrase is necessary because those courts no longer exist and this court must determine the continued meaning of the exception.[1]

The initial clause and phrases of Idaho Const. Art. 1, § 8, created a guarantee that an accused will have to answer a criminal charge only after either a grand jury presentment or indictment, or upon an information by a prosecuting attorney following a magistrate's commitment based on conduct of a preliminary examination. The language of the constitution would seem to guarantee such protections to a person accused of committing any criminal offense, regardless of its seriousness. However, the phrase excepting "cases cognizable by probate courts and justices of the peace" greatly restricts the protection guaranteed in the provision's earlier language. The excepting phrase made the guarantee of a grand jury indictment or a preliminary examination dependent upon

whether the offense charged was within or without the jurisdiction of the now nonexistent probate or justice courts.

Idaho Const. Art. 5, § 22, provided that justices of the peace had jurisdiction to hear cases as provided by law, limited to cases not exceeding $300 in amount and in other instances not applicable here. Idaho Const. Art. 5, § 22 did not limit the criminal jurisdiction of justices of the peace. Idaho Const. Art. 5, § 21, provided that the jurisdiction of the probate courts in criminal cases was concurrent with that of the justices of the peace.

At the time of the adoption of the constitution in 1890, the criminal jurisdiction of the justices of the peace was set forth in Revised Statutes of 1887, § 3854, which provided:

"These courts have jurisdiction of the following public offenses, committed within the respective counties in which such courts are established:

1. Petit larceny;

2. Assault and battery, not charged to have been committed upon a public officer in the discharge of his duties;

3. Breaches of the peace, riots, affrays, committing a willful injury to property, and all misdemeanors punished by fine not exceeding three hundred dollars, or imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment."

Probate courts held concurrent jurisdiction in criminal matters with the justices of the peace. R.S. § 3841. The statutes divided crimes into two categories, felonies and misdemeanors. R.S. § 6310. Felonies included all crimes punishable by death or imprisonment in the territorial prison and, unless a different penalty was provided, felonies were punishable by imprisonment not exceeding five years, or by fine not exceeding five thousand dollars, or both. R.S. §§ 6311–6312. Crimes that were not

---

1. Statutes authorizing probate courts and justices of the peace were repealed, S.L.1969, Ch. 111, effective January 11, 1971. Magistrate's division of the district court was then created, S.L.1969, Ch. 104, I.C. § 1–2201.

felonies were misdemeanors and, unless a different penalty was provided, misdemeanors were punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding three hundred dollars, or both. R.S. §§ 6311, 6313.

Although the statutes setting forth the categories of crimes did not further divide the misdemeanor category into indictable and petit misdemeanors, nonetheless there were numerous instances of crimes of lesser degree than a felony where the punishment which could be imposed was in excess of the jurisdictional limits of the justices of the peace and probate courts.[2] The constitutional provision (Idaho Const. Art. 1, § 8) classified crimes into two categories, i. e., those where a grand jury indictment or preliminary examination were required, and those where none was required (those within the jurisdiction of the justices of the peace and probate courts). Yet this classification was not commensurate in scope with the statutory classification of crimes into felonies or misdemeanors. In effect, a third category was created under the constitutional and statutory provisions in effect at the time of the adoption of the constitution. Up until the time that the justice of the peace courts and probate courts were replaced by the magistrates courts, crimes could be classified as (a) felonies which had to be processed by way of indictment or information following commitment by a magistrate and (b) misdemeanors which could be tried on complaint before the justice or probate courts, and (c) misdemeanors beyond the jurisdiction of justice or probate courts which Art. 1, § 8 required to be processed by way of indictment or information following commitment by a magistrate. This latter classification became generally designated as "indictable misdemeanors."

When the 1969 legislature authorized the creation of magistrates courts as divisions of the district court, the jurisdiction of the magistrate's courts was not commensurate with that of the previously existing justice of peace or probate court, and the constitutional standard previously applicable in determining whether a criminal case had to be prosecuted by way of indictment or information following commitment by a magistrate became inappropriate (Idaho Const. Art. 1, § 8). In 1962, the provisions establishing justice courts and probate courts as constitutionally created courts were repealed and Idaho Const. Art. 5, § 2, amended to authorize the legislature to create courts inferior to the Supreme Court with jurisdiction of such inferior courts to be as prescribed by the legislature. The legislature in its 1969 enactments eliminating the justice and probate courts and creating the magistrates division was carrying out its constitutionally approved prerogative.

The provisions of Idaho Const. Art. 1, § 8, contemplated that the line of demarcation between cases that had to be processed by way of indictment or information following a commitment by a magistrate and cases cognizable by probate courts or justices of the peace was not an inflexible one. The original provisions of the constitution establishing probate courts and justices of the peace (Idaho Const. Art. 5, §§ 22 and 21 before amendment and repeal) contemplated the legislature could change the jurisdiction of those courts, when it was stated: "Justices of the peace shall have such jurisdiction as may be conferred by law * * *" and probate courts shall have "concurrent jurisdiction with justices of the peace in criminal cases." *State v. Raff*, 16 Idaho 411, 101 P. 747 (1909). In dicta in *Fox v. Flynn*, 27 Idaho 580, 150 P. 44 (1915), this court discussed some limitation on the authority of the legislature to alter the jurisdiction of the justice and probate courts.

2. Without attempting to list other than a few of such punishments see: R.S. § 6510, refusal to arrest; § 6511, neglect of duty of public administrator; § 6515, resisting an officer; § 6516, assault by officer; § 6721, false imprisonment; § 6738, libel.

**40**

The court recognizes that Idaho Const. Art. 1, § 8, still refers to the terms "probate courts" and "justices of the peace." However, it is also true that the probate courts and justices of the peace were eliminated as constitutional courts when adoption of resolutions for their repeal were affirmatively voted on at the general election in 1962. Those courts continued to exist thereafter only as legislative creation until the legislation creating them was repealed by S.L.1969, Ch. 111, effective January 11, 1971. On this latter date, the newly created magistrate courts came into existence.

In *Collins v. Crowley,* 94 Idaho 891, 499 P.2d 1247 (1972), this court considered the issue of whether the abolition of the probate and justice courts rendered the exception clause of Art. 1, § 8 a nullity, thus requiring a preliminary hearing or grand jury indictment for all criminal cases. In that case, a magistrate was refusing to try misdemeanor cases without preliminary hearings. In ordering that a permanent writ of mandate issue, we held that misdemeanors do not require preliminary hearing or indictment. Any language in that case which stated that the line of demarcation between cases which do and do not require preliminary hearing or indictment is to be determined by the distinction between misdemeanors and indictable misdemeanors was dicta, because the case dealt only with the status of misdemeanors.

When the legislature abolished the justice and probate courts in 1969 and when the reference to those courts contained in Art. I, § 8, was not changed, a puzzle was created in which none of the pieces fit. The cases discussing the historical development of these laws, constitutional provisions, and decisions are instructive but hardly persuasive in view of the many changes. Insofar as the so-called indictable misdemeanors are concerned, we conclude that there is no constitutional infirmity in allowing prosecution of such crimes to proceed to trial on the basis of the complaint charging commission of the crime, without the necessity of proceeding by grand jury indictment or of affording an accused a preliminary hearing.

The judgment and order is affirmed.

DONALDSON, SHEPARD and BAKES, JJ., and BEEBE, District Judge, concur.