Ex parte Baldwin.

1. **Criminal Law:** JURISDICTION IN TWO COUNTIES: PRECEDENCE. Where, by § 4159 of the Code, the jurisdiction of a crime lies in either of two counties, the court which first obtains jurisdiction of the *person of the accused* retains it to the end, to the exclusion of the court of the other county, even though he may have been indicted first in such other county.

*Appeal from Jefferson District Court.*

TUESDAY, OCTOBER 12.

HABEAS CORPUS. The petitioner, Baldwin, was in the custody of the sheriff of Van Buren county. Upon a writ of *habeas corpus*, issued by the district court of Jefferson county, he was discharged from such custody. The sheriff appeals.

*Leggett & McKemey*, for appellant.

*M. A. McCoid* and *Wilson & Hinkle*, for appellee.

BECK, J.—I. The facts shown by the abstract before us are these: The petitioner, Baldwin, was indicted by the grand jury of Van Buren county for the murder of Martha Rodabaugh, committed by an abortion produced upon her in Jefferson county, of which she died in Van Buren county. After such indictment, and the issuing of the warrant thereon, but before the arrest of the petitioner, and in the absence of any appearance to this indictment, he was indicted for the same offense by the grand jury of Jefferson county. To this last indictment petitioner appeared, and he was arraigned thereon, and pleaded thereto not guilty, and thereafter was arrested upon the warrant issued upon the indictment found in Van Buren county. The imprisonment under this warrant is the restraint complained of by petitioner, and of which he was relieved by the judgment of the district court in this case.

II. Jurisdiction of the crime for which defendant is indicted rests in either Van Buren or Jefferson county. Code, § 4159. It is plain that the court of both counties cannot exercise jurisdiction by trials and judgments in the case, for the obvious reason that, if they may, defendant may be subjected to two trials and two punishments for the same offense. How shall it be determined in which county trial and punishment shall be had? The answer is ready and simple, and discloses a rule which, while securing the punishment of criminals, will assure the accused exemption from two trials and double punishment. It is this: The court first obtaining jurisdiction of the person of the accused shall retain it to the exclusion of the court of the other county, and shall proceed to try the case and administer justice therein. The necessity for the administration of the law in criminal matters without subjecting the accused to the peril of two trials,

with the possible result of being twice convicted and punished, demands the recognition of the rule. It is in accord with the familiar rule prevailing everywhere, that where courts have concurrent jurisdiction the court whose jurisdiction first attaches must retain the case for final disposition. Authorities need not be cited to support this familiar elementary rule. But few cases are or can be cited announcing the rule, doubtless for the reason that it is rarely, if ever, disputed or doubted.

The court first acquiring authority over the accused by his arrest, or by otherwise obtaining custody of his person through its officers, first acquires jurisdiction. The finding of an indictment does not confer jurisdiction of the person of the accused. In order to have full authority in the case, the court must have jurisdiction of the crime and jurisdiction of the person of the accused. The district court of Jefferson county had both. It therefore had jurisdiction—full jurisdiction—of the case, and while possessed of such jurisdiction the process of the district court of Van Buren county could not interfere therewith.

We reach the conclusion, from which we see no way of escape, that the judgment of the court below ought to be

AFFIRMED.