## THE STATE OF KANSAS v. LEVI CHINAULT.

1. Two INFORMATIONS—*Conviction—Bar*. Where two informations charge the identical assault on the same person, but differ as to the intent with which the assault was made, one charging it to have been with intent to kill, and the other with intent to rob, a conviction or acquittal under one information will be a bar to a trial under the other.

2. Two COURTS—*Conflicting Jurisdiction*. Where two courts have concurrent jurisdiction of a criminal cause, the court first acquiring jurisdiction of the offense, and of the person of the defendant, retains jurisdiction until the final determination of the case to the exclusion of the other.

3. SEPARATE CHARGES *in Different Courts—Jurisdiction*. The defendant was arraigned and placed on trial in the district court of Wyandotte county, charged with assault with intent to kill. For sufficient cause the jury was discharged, and the case continued to the next term of the court. An information was then filed in the court of common pleas, charging the defendant with the same assault with intent to rob. He was thereupon placed on trial in the court of common pleas and convicted. *Held*, That the court of common pleas was without jurisdiction; that the prosecution in the district court not having been dismissed, but being pending therein, the district court still retained jurisdiction to try the defendant for the offense charged.

*Appeal from Wyandotte Court of Common Pleas.*

LEVI CHINAULT was convicted of an assault with intent to rob. He appeals. The opinion states the facts.

*F. E. & J. A. Smith*, and *W. H. Littick*, for appellant.

*F. B. Dawes*, attorney general, *Samuel C. Miller*, and *I. F. Bradley*, for The State.

The opinion of the court was delivered by

ALLEN, J.: The defendant was charged, by information, by the county attorney of Wyandotte county, with assaulting one Charles Reese with a deadly weapon with intent to rob him. The defendant thereupon filed his plea in abatement, alleging that he had been once placed in jeopardy for the same offense; that on the 11th day of October, 1894, he was placed on trial in the district court of Wyandotte county, on an information charging the identical offense alleged in the information in this case; that after the jury had been impaneled and sworn, and witnesses for the state had testified, the jury was discharged by the court, on account of the illness of the wife of one of the jurors, and the case continued to the next term of the court, and that said case is now pending undetermined in said district court. To this plea the county attorney answered, admitting the commencement of the former trial, but alleging that after a legal determination by the court of the fact of the sickness of juror's wife, and that an accident and calamity required the discharge of the jury, the case was continued to the next term of the court. The answer admits that the charge pending in the district

court was for assault with intent to kill, and that it is still pending in said court. To this answer the defendant demurred. His demurrer being overruled, he was placed on trial in the court of common pleas and convicted.

While the plea alleges former jeopardy, and is insisted on as a bar to any further prosecution, it also fairly presents the question whether the court of common pleas had jurisdiction to try the defendant. It appears that the prosecution was first instituted in the district court for this identical assault, but that in the information in that case it was alleged to have been made with intent to kill, while in this case the intent is alleged to have been to rob. Both informations charge offenses under the same section of the statutes, viz. : Section 38 of the act regulating crimes and punishments. Both informations refer to the same acts, the only difference being that a different criminal purpose is attributed to the defendant. We think under this section the substantive offense is the assault. The intent with which it was committed characterizes it and determines its degree of criminality. Only one prosecution can be maintained under this section for the same assault, whatever the purpose of the defendant may have been. The case presented, then, is one of a criminal prosecution pending in the district court of Wyandotte county, on a charge of assault with intent to kill, and another prosecution subsequently commenced in the court of common pleas of the same county, charging the identical assault with the intent to rob. The jurisdiction of the court of common pleas to try the defendant was duly challenged. Had it jurisdiction to try the case? The district courts of the state are courts of general original jurisdiction for the trial of criminal causes. By

chapter 92 of the Laws of 1891, the court of common pleas of Wyandotte county was established. By the fourth section of the act it is provided :

"All indictments and informations which shall be filed in criminal actions or proceedings in said county between the first day of July and the last day of December, both inclusive, in each year during which said court shall be in existence shall be filed in the said court of common pleas, and shall be triable therein ; and said court shall have exclusive jurisdiction of such actions."

It would seem from this section, that it was the intention of the legislature that prosecutions should be instituted in the district court during the first half of the year, and in the court of common pleas during the last half. There is no provision in the statute for transferring criminal causes from either court to the other. It follows, therefore, that when a criminal action is rightly instituted in either court, that court will retain jurisdiction until the case is finally tried and determined. Thus, while there is a division of time for commencing prosecutions, the jurisdiction for their trial and determination is concurrent. May the state, then, having instituted a prosecution in one court, institute another prosecution for the same offense in the other court, without dismissing the action first brought? In Wharton's Criminal Pleadings and Practice, § 441, it is said :

" Where a concurrent jurisdiction exists in different tribunals, the one first exercising jurisdiction rightfully acquires the control to the exclusion of the other. Hence where, after indictment, but before trial, a justice of the peace took jurisdiction of the same offense, before whom the offender was tried and sentenced, the court held that the conviction and sentence was no bar to the indictment. The same position applies to

prosecutions for piracy, in which the sovereign who first tries the offender absorbs the jurisdiction.''

Bishop, in his work on Criminal Procedure, § 315, says :

''Two or more courts may have concurrent jurisdiction of an offense, in which case the one wherein proceedings are first instituted will retain it to the end, and the other is not authorized to interfere.''

The same principle is declared in *The State v. Tisdale*, 2 Dev. & B. 159 ; *Mize v. The State*, 49 Ga. 375 ; *Burdette v. The State*, 9 Tex. 43. Under these authorities, the jurisdiction being in the district court, the court of common pleas had no jurisdiction to try the defendant, and the conviction obtained is without warrant of law. The district court, however, has never been deprived of its jurisdiction of the case, and the proceedings in the court of common pleas, being without jurisdiction, constitute no bar to a trial in the district court. We also think the record shows that there was sufficient cause for discharging the jury and continuing the case, and that the plea of former jeopardy is not good. The judgment is reversed.

All the Justices concurring.