THE STATE OF KANSAS v. MICHAEL BRANNON.

No. 672.

1. INFORMATION—*held sufficient.* The information examined, and held to be sufficient.

2. JURISDICTION—*courts having concurrent, one first obtaining jurisdiction of person retains it.* "Where two courts have concurrent jurisdiction of a criminal cause, the court first acquiring jurisdiction of the offense and of the person of the defendant retains jurisdiction until the final determination of the case, to the exclusion of the other." *The State v. Chinault,* 55 Kan. 326.

3. JUROR—*knowledge of facts not sufficient to sustain challenge.* "Some of the jurors had impressions or beliefs as to the commission of the offense charged which were not of a positive and fixed character, but were derived solely from rumor and newspaper statements, and they appeared to have been free from any bias or

766        THE STATE v. BRANNON.

S. Dept.              Opinion.   Schoonover, J.            6 Kan. App.

prejudice and to be able to fairly consider the testimony and render an impartial verdict in the case. *Held*, that the overruling of the challenge to the retention of such jurors is not sufficient ground for reversal." *The State v. Treadwell*, 54 Kan. 513.

Appeal from Kingman District Court. Hon. G. W. McKay, Judge. Opinion filed November 16, 1897. *Affirmed*.

*George L. Hay* and *W. T. Cowgill*, for the State..

*C. W. Fairchild*, for appellant.

SCHOONOVER, J.   On the twenty-first day of July, 1896, an information was filed in the District Court of Kingman County, charging Michael Brannon in the first count with selling intoxicating liquor contrary to law, and in the second count with keeping and maintaining a common nuisance. The information was verified by the prosecuting witness. The defendant was arrested and, failing to give bond, was committed to the jail of Kingman County. After he was committed, and before his trial in the District Court, the defendant requested of the sheriff that he be taken before some justice of the peace for immediate trial. He was taken before a justice of the peace, and the justice ordered that the case be dismissed and the defendant discharged. Afterwards the defendant appeared before the District Court of Kingman County and was placed upon trial. · Evidence was first introduced by the State in support of both counts, but, owing to certain rulings of the court, the State asked leave to dismiss the action as to the second or nuisance count, which was allowed by the court.

The trial proceeded and resulted in a verdict of guilty on the first count, which charged the defendant with the illegal sale of liquor. The defendant was sentenced to pay a fine of one hundred dollars, and

that he be confined in the county jail for ninety days. It was further ordered by the court that the defendant give a sufficient undertaking to the State of Kansas in the sum of one hundred dollars, conditioned that he should faithfully and lawfully observe the laws of the State of Kansas for a period of two years. The defendant appeals.

The defendant insists that the trial court erred in overruling his motion to quash for the reason that the information failed to state a public offense. We think the information is sufficient. It states:

"That one Michael Brannon, at the county of Kingman in the State of Kansas aforesaid and within the jurisdiction of this court, on the fourteenth day of July, 1896, in a certain one-story frame building situated and standing upon the following-described real estate in the said county of Kingman and State of Kansas, to wit, [here follows a description of the real estate], without having procured from the probate judge of said county any permit to sell any intoxicating liquors, did then and there unlawfully sell and barter spirituous, vinous, fermented and other intoxicating liquors for other than excepted purposes, to wit, medical, scientific and mechanical purposes, contrary to the statutes in such cases made and provided."

This information is sufficient, and the trial court committed no error in overruling the motion to quash the information for the reason that it failed to state a public offense.

It is further contended by the defendant that the trial court erred in overruling the pleas in bar and abatement. It is contended that, when the defendant, at his request, was taken before a justice of the peace the justice had jurisdiction, and that his discharge before the justice amounted to an acquittal. This information was filed in the District Court, and that court alone could make a final disposition of the

case. Bishop, in his work on Criminal Procedure, (§ 315) says:

"Two or more courts may have concurrent jurisdiction of an offense, in which case the one wherein proceedings are first instituted will retain it to the end, and the other is not authorized to interfere."

In the case of *The State v. Chinault* (55 Kan. 326), the court held:

"When two courts have concurrent jurisdiction of a criminal cause, the court first acquiring jurisdiction of the offense, and of the person of the defendant, retains jurisdiction until the final determination of the case, to the exclusion of the other."

It is further contended that D. S. Hubbard was an incompetent juror. We quote from the examination made by the court:

"Ques. You say you heard some one talking in regard to the case? Ans. Yes, sir.

"Q. Do you recall whom you heard? A. Yes, sir.

"Q. Conversing directly with you? A. No, sir.

"Q. Did those parties talking about the case pretend that they had personal knowledge of those facts? A. I don't think they did.

"Q. They were simply relating some hearsay matters? A. Yes, sir.

"Q. Did you, from what you heard, form any fixed opinion in your mind in regard to the guilt or innocence of the defendant in this action? A. I don't know as I had any fixed determination.

"Q. Did you come to any fixed opinion or conclusion in your mind in regard to any material matter? A. I don't know that I did.

"Q. Then you can say at this time that you have no fixed opinion or conclusion in regard to the guilt or innocence of the defendant? A. I do not know that I have any fixed opinion.

"Q. You can distinguish the difference between the terms, 'impression' and 'fixed opinion'? A. Yes, sir.

"Q. And you think that you have no fixed opinion

in your mind in regard to the guilt or innocence of the defendant in this action? A. I don't think I have."

It has been held repeatedly by the Supreme Court that "impressions not amounting to opinions, received from newspaper articles or rumor, do not disqualify a juror and are not cause for challenge."

The juror in this case overheard a conversation about the case. He did not think the parties talking had any personal knowledge of the facts in the case, but were simply relating some hearsay matters. It further appears from his answers that he fully understood and could distinguish the difference between impressions and fixed opinions. There is nothing to indicate bias or prejudice on the part of the juror, and the trial court committed no error in overruling the challenge of the defendant. In the syllabus in the case of *The State v. Tredwell* ( 54 Kan. 513 ), the court said :

"Some of the jurors had impressions or beliefs as to the commission of the offense charged which were not of a positive and fixed character, but were derived solely from rumor and newspaper statements, and they appeared to have been free from any bias or prejudice and to be able to fairly consider the testimony and render an impartial verdict in the case, *Held*, that the overruling of the challenge to the retention of such jurors is not sufficient ground for reversal."

Other objections are urged, but they are not sufficient to require a reversal of this case.

The judgment of the District Court will be affirmed.