(71 South. 131)

(No. 21770.)

STATE v. MILANO.

(Feb. 7, 1916. Rehearing Denied March 6, 1916.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⊚⟳101(2) — TRANSFER OF CAUSE—RIGHT.

When a criminal prosecution is commenced in a court having jurisdiction, there is no process by which it can be transferred to another court of concurrent jurisdiction; and what the prosecuting attorney cannot do directly he should not do indirectly.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 200, 205; Dec. Dig. ⊚⟳101(2); Removal of Causes, Cent. Dig. § 127.]

2. CRIMINAL LAW ⊚⟳302(1) — NOLLE PROSEQUI—TRANSFER OF CAUSE—RIGHT.

Therefore, when several of a large number of prosecutions for the same crime or misdemeanor have been tried and resulted in acquittal in a court having jurisdiction of all of the cases, the district attorney should not enter a nolle prosequi in the remaining cases, and renew the prosecutions for the same offense in another court of concurrent jurisdiction for no other purpose than to have them tried by the other judge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 688, 691–693, 696, 697; Dec. Dig. ⊚⟳302(1).]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Mike Milano was convicted of retailing spirituous liquor without a license, and appeals. Reversed, and ordered that defendant be discharged.

Charles F. Crane and E. P. Mills, both of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and Wm. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

O'NIELL, J. The defendant was indicted for the offense of retailing spirituous liquor without a license. He was tried and convicted, and sentenced to pay a fine of $350 and to serve 3 months' imprisonment in the parish jail, and, in default of his paying the fine and costs, to serve an additional 4 months in the parish jail. He has appealed from the conviction and sentence, and relies upon three bills of exception.

It appears from the recitals of the bill of exceptions taken to the overruling of his demurrer or plea to the jurisdiction of the district court, and from the allegations of the motion referred to in the bill, that the defendant was first informed against in the city court of Shreveport, by an affidavit charging him with the same offense, based upon precisely the same alleged transaction, for which he was afterwards prosecuted in the district court. It also appears that, on information furnished by negro "spotters," who were employed to detect violations of the prohibition ordinance of Caddo parish, many other persons were informed against, in the city court of Shreveport, for retailing intoxicating liquors without a license, at the same time that the affidavit was filed against this defendant; and all of the defendants were arraigned, pleaded not guilty, and their cases were set down for trial. On the trial of the first four or five cases (other than the case of the present defendant) the judge of the city court acquitted the accused parties, announcing that he would not convict on the uncorroborated testimony of hired negro "spotters." Inasmuch as the state depended upon the testimony of such witnesses to convict the other defendants, including the present appellant, the district attorney entered a nolle prosequi in each case that had not been tried, including that of the present appellant. Thereafter, the cases in which nolle prosequis had been entered in the city court, including that of the present appellant, were presented to the grand jury, and indictments were found against the parties accused, including this appellant, in the dis-

trict court, having jurisdiction of such cases, concurrent with that of the city court.

The present defendant filed a demurrer or plea to the jurisdiction of the district court, setting forth the facts above recited, and alleging that the only purpose of the district attorney, in entering the nolle prosequi in the city court, was to transfer the case from that court, which had taken jurisdiction, to the district court.

[1, 2] In the statement per curiam in the bill of exceptions taken to the overruling of the defendant's demurrer or plea to the jurisdiction, the district judge virtually concedes that the only purpose and effect of the nolle prosequi was to accomplish indirectly what the state had no right to do directly, i. e., to transfer the case from one court to another of concurrent jurisdiction, and this was virtually conceded in the argument before this court. The district judge condemned the arbitrary use of the district attorney's power to enter the nolle prosequi, but held that he knew of no law to prevent the prosecuting officer's use of the authority which the law had given him.

In Coleman v. State, 83 Miss. 290, 35 South. 937, 64 L. R. A. 807, the Supreme Court of Mississippi cited State v. Pauley, 12 Wis. 538, Ex parte Baldwin, 69 Iowa, 502, 29 N. W. 428, State v. Chinault, 55 Kan. 326, 40 Pac. 662, State v. Branon, 6 Kan. App. 765, 50 Pac. 986, and State v. Williford, 91 N. C. 529, in support of the proposition that the state cannot, after filing an indictment or information in a court having jurisdiction, enter a nolle prosequi and file an indictment or information charging the same crime in another court of concurrent jurisdiction. It was said that the statute, providing that jurisdiction of a criminal case of which two or more courts had concurrent jurisdiction should vest in the court where the prosecution was begun, was only declaratory of a well defined and firmly established legal doctrine, recognized in the comity of courts and necessary for an orderly administration of justice.

In Ex parte Baldwin, 69 Iowa, 502, 29 N. W. 428, it was said of this doctrine:

"It is in accord with the familiar rule prevailing everywhere, that where courts have concurrent jurisdiction the court where jurisdiction first attaches must retain the case for final disposition. Authorities need not be cited to support this familiar elementary rule. But few cases are or can be cited announcing the rule, doubtless for the reason that it is rarely, if ever, disputed or doubted."

The abandonment of a prosecution, in a court having jurisdiction, for an alleged violation of a sumptuary or blue law, and the institution of the prosecution, for the same offense, in another court of concurrent jurisdiction, under the circumstances and for the apparent purpose for which it was done in this case, is not calculated to increase the respect that is due to the courts; and we would not be inclined to encourage the practice, if we had no precedent for our present ruling.

The verdict and sentence appealed from are annulled, and it is ordered that the defendant be discharged.

PROVOSTY, J., takes no part.

---

(71 South. 133)

No. 21774.

STATE v. NEJIM.

(Feb. 7, 1916. Rehearing Denied March 6, 1916.)

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

F. A. Nejim was convicted of retailing spirituous liquor without a license, and appeals. Reversed, and ordered that accused be discharged.

Charles F. Crane and E. P. Mills, both of Shreveport, for appellant. R. G. Pleasant, Atty. Gen., and Wm. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

O'NIELL, J. For the reasons assigned in the opinion in the case entitled State of Louisiana