(71 South. 193)

No. 21778.

STATE v. ABRAHAM.

(March 6, 1916.)

*(Syllabus by the Court.)*

CRIMINAL LAW ⬤⟿101(4) — JURISDICTION — TRANSFER OF CAUSES.

When a criminal prosecution is commenced in a court having jurisdiction, there is no process by which it can be transferred to another court of concurrent jurisdiction; and, what the prosecuting attorney cannot do, directly, he should not do indirectly, as, by entering a nol. pros. in the court first seized of jurisdiction and lodging the same charge in the other court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 202; Dec. Dig. ⬤⟿101(4).]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Charles Abraham was convicted of violating the liquor law, and appeals. Conviction and sentence annulled, and defendant discharged.

Scheen & Blanchard, of Shreveport, for appellant. R. J. Pleasant, Atty. Gen., and Wm. A. Mabry, Dist. Atty., and S. I. Foster, Asst. Dist. Atty., both of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

MONROE, C. J. Defendant, having been convicted of retailing intoxicating liquors without having previously obtained a license therefor from the police jury of the parish of Caddo, or the authorities of the city of Shreveport, and, having been sentenced to pay a fine exceeding $300 and serve a certain term in the parish jail and "worked upon the public works of the parish," prosecutes this appeal.

The record discloses a plea to the jurisdiction of the court and a bill of exception to the overruling of the same, from which, it appears, that the charge upon which defendant was convicted was first lodged in the "city court of the city of Shreveport," a tribunal, the jurisdiction of which with respect to such matters is concurrent with that of the district court, that issue was joined and the case set down for trial, and, that the district attorney thereupon entered a nolle prosequi, and renewed the prosecution, on the same charge, by indictment, in the district court, the reason alleged by defendant, in his plea to jurisdiction, being as follows:

"That the said case against defendant was one of a large number that had been made against various defendants on the testimony furnished by the same paid detectives and spotters, and that, after the lodging of the charges in said court, some of the cases were put on trial and the result thereof was that the witnesses upon whose testimony the state was depending, being paid detectives and negro spotters, were wholly discredited and it was shown that the said testimony * * * was wholly unworthy of belief, and after it was ascertained that no convictions could be had in said court upon the testimony of said spotters, then the district attorney entered nol. prosses in all the cases then pending untried, and in this case, and it was only with the purpose of transferring said charges to the district court, and * * * only with that idea, that the charges were dismissed in that court."

The statement per curiam, in the bill of exception, reads:

"In so far as this case is concerned, the city court and the district court have concurrent jurisdiction; it is not permissible to transfer a misdemeanor from one court to another, the court where the same is originally lodged retaining jurisdiction until the final determination of that cause. The district attorney had the absolute right to enter a nol. pros., and, when that is done, that cause is finally determined; another cause may be instituted, based on the same state of facts, but it is not the same cause, or case, legally speaking. We do not think a prosecuting attorney should arbitrarily use the power of nol. pros.; still, he has been given that power and we know of no law preventing him from dismissing a misdemeanor charge in the city court and bringing same again in the district court even when the purpose of same is as set forth in the pleas to the jurisdiction of this court."

The identical question thus presented, arising out of the same circumstances, has just been considered by this court in the case of State v. Mike Milano, 71 South. 131[1] (No.

----

[1]Ante, p. 989.

21770 of our docket), a rehearing in which is this day refused, and it is there held (quoting from the syllabus) as follows:

"When a criminal prosecution is commenced in a court having jurisdiction, there is no process by which it can be transferred to another court of concurrent jurisdiction; and, what the prosecuting attorney cannot do, directly, he should not do indirectly."

For the reasons assigned in the case thus referred to, therefore, it is ordered that the conviction and sentence herein appealed from be annulled, and the defendant discharged.

PROVOSTY, J., takes no part.