STATE ex rel. POWELL v. MONTGOMERY, Registrar of Voters.

(April 24, 1916.)

*(Syllabus by the Court.)*

ELECTIONS ☞73 — REGISTRATION—RIGHT TO REGISTER—CONSTITUTIONAL PROVISION.

A voter who has removed from one precinct to another in the same parish has the right within six months after such removal to register and vote in the precinct from which he removed.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 69, 70; Dec. Dig. ☞73.]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Proceeding by the State, on the relation of Frank J. Powell, against Samuel A. Montgomery, Registrar of Voters for the Parish of Orleans. From a judgment for relator, defendant appeals. Affirmed.

R. G. Pleasant, Atty. Gen. (Daniel Wendling, of New Orleans, of counsel), for appellant. Walter L. Gleason, John C. Davey, and H. C. Cage, all of New Orleans, for appellee.

LAND, J. The judge below held that a voter who had removed from one precinct to another in the same parish has a right within six months after such removal to register and vote in the precinct from which he removed. We think that the ruling is correct. Section 1 of article 197 of the Constitution of 1913 provides that:

· "Removal from one precinct to another in the same parish shall not operate to deprive any person of the right to vote in the precinct from which he has removed until six months after such removal."

Until the expiration of said six months the status of the voter remains the same, and to deny his right to register would be to deny · his right to vote especially reserved to him by the organic law.

Judgment affirmed.

(71 South. 769)

No. 21779.

STATE v. ABRAHAM.

(April 24, 1916.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ☞1020 — APPEAL — JURISDICTION—AMOUNT OF FINE—"ACTUALLY."

In a sentence to pay a fine in an amount exceeding $300, and in default of payment to be imprisoned, a fine exceeding $300 is "actually" imposed within the meaning of article 85 of the Constitution, conferring on this court appellate jurisdiction in criminal cases; the penalty of imprisonment being added as a means of enforcing payment of the fine.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2578–2580; Dec. Dig. ☞ 1020.

For other definitions, see Words and Phrases, First and Second Series, Actual.]

2. CRIMINAL LAW ☞101(2)—JURISDICTION—TRANSFER OF CAUSES.

When a criminal prosecution is commenced in a court of competent jurisdiction, there is no process by which it can be transferred to another court, of concurrent jurisdiction, and what the prosecuting officer cannot do directly, he should not do indirectly.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 200, 205; Dec. Dig. ☞ 101(2).]

Provosty, J., dissenting on the merits.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Charles Abraham was convicted of retailing intoxicating liquors without a license, and appeals. Reversed, and defendant discharged.

Scheen & Blanchard, of Shreveport, for appellant. R. G. Pleasant, Atty.· Gen., and W. A. Mabry, Dist. Atty., and S. I. Foster, Asst. Dist. Atty., both of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

On Motion to Dismiss Appeal.

MONROE, C. J. Plaintiff was convicted of having retailed intoxicating liquors without having obtained a license so to do, and was (quoting from the minutes of the court) "sen-

tenced by the court to pay a fine of $305, and costs, and, in default of paying said fine, to serve an additional two months in jail; and it is further ordered that he be worked upon the public works of the parish of Caddo, as the law directs." He has appealed, and the state moves to dismiss the appeal, on the ground that this court is without jurisdiction thereof.

[1] The jurisdiction of this court in criminal cases is confined to questions of law, and, upon such questions, extends to all cases.

"Whenever the punishment of death or imprisonment at hard labor may be inflicted, or a fine exceeding three hundred dollars, or imprisonment exceeding six months, is actually imposed." Const. art. 85.

The argument in support of the motion is that, in this case, the fine of $305, which, if "actually imposed," would bring the case within our appellate jurisdiction, has not been actually imposed, because it was open to defendant to escape it by suffering imprisonment for two months, with the concomitant of working upon the public works, for a shorter period than six months; it being well understood that the "hard labor," the possibility of which confers jurisdiction on this court, is hard labor in the penitentiary.

The penalty of imprisonment is, however, provided in all cases in which fines are imposed, not as an alternative which a defendant is likely to prefer to the penalty prescribed for his offense, but, in the interest of the state, as something worse, and, hence as a means of enforcing the payment of that penalty; the theory being that the average and normal individual will most certainly not prefer the loss of his liberty, and (so far as this case is concerned) subjection to the disgrace of compulsory work, as a convict, on the public roads of the parish, to the loss of his money.

Section 980 of the Revised Statutes declares that:

"Every person being adjudged to pay a fine, shall, in default of payment or recovery thereof, be sentenced to be imprisoned for a period not exceeding one year."

But the defendant now before the court probably received the sentence specifically prescribed by Act 66 of 1902 for the offense of which he was convicted, as follows, to wit:

"Shall be fined not less than $100 nor more than $500; and in default of payment of fine and costs shall be imprisoned for a term within the discretion of the court; or shall suffer fine and imprisonment as the court may deem proper."

Probably the vast majority of offenders against the criminal laws are without visible assets through which the fines imposed upon them could be collected, and, if no means were provided for enforcing their collection, the sentence to pay a fine would be, in their ears, but as the tinkling cymbal and sounding brass.

What the law has done, therefore, has been to provide that a fine shall be actually imposed, and, in order that it shall be actually paid, has made the further provision that, if it be not paid, the convict shall be subjected to something worse, because of his default.

That view of the matter has, apparently, been accepted by the lawmakers, the courts, and the bar during the greater part of the past century, and the view now suggested by the state seems never to have been presented until quite recently (in the case of State v. Authement, 139 La. 1070, 72 South. 739), when we were, at first, disposed to consider it favorably. We are satisfied, however, upon further reflection, that, in prescribing the penalty of fine, and in default of payment imprisonment (as in this case), the intention was that the fine should be considered, and should be actually imposed, for jurisdictional and all other purposes.

The motion to dismiss the appeal is therefore overruled.

## On the Merits.

[2] It appears from the record that defendant excepted to the jurisdiction of the trial (district) court, on the ground that the prosecution had been commenced in the city court (the jurisdiction of which, with respect to such matters, is concurrent with that of the district court), and that issue was joined and the case set for trial when the district attorney entered a nolle prosequi, and thereafter recommenced the prosecution in the district court; his reason for pursuing that course being, as alleged in the exception:

"That the said * * * case was one of a large number which had been made against various defendants on the testimony furnished by the same paid detectives and spotters, and that, after the lodging of the charges in said court, some of the cases were put on trial, and the result thereof was that the witnesses upon whose testimony the state was depending, being paid detectives and spotters were wholly discredited, and it was shown that the said testimony of the said spotters was wholly unworthy of belief, and, after it was ascertained that no conviction could be had in that court, upon the testimony of said spotters, then the district attorney entered nol prosses in all the cases pending and untried, and in this case, and it was only with the purpose of transferring said charges to the district court * * * that the charges were dismissed in said court."

The identical question thus presented, arising out of the same circumstances, has been considered by us in State v. Mike Milano, 71 South. 131,[1] and in State v. Abraham, 71 South. 193,[2] and it has been there held that:

"When a criminal prosecution is commenced in a court having jurisdiction, there is no process by which it can be transferred to another court of concurrent jurisdiction; and what the prosecuting officer cannot do directly, he should not do indirectly."

We adhere to the view thus expressed.

The conviction and sentence appealed from are therefore annulled, and the defendant discharged.

PROVOSTY, J., dissents on the merits.

[1] 138 La. 989.

[2] 138 La. 1087.