57. So.2d 899

**STATE v. SAWYER.**

No. 40577.

Feb. 18, 1952.

Rehearing Denied March 24, 1952.

Joel B. Dickinson, J. Vernon Sims, Oak Grove, James Madison, Bostrop, for defendant-applicant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Harry N. Anders, Dist. Atty., Winnsboro, W. Sartis Bassett, Asst. Dist. Atty., Oak Grove, for respondent.

McCALEB, Justice.

Relator was convicted in the Fifth Judicial District Court for West Carroll Parish of operating a motor vehicle while intoxicated, on two separate occasions on July 22nd 1951, in violation of LSA–R.S. 14:98 [1] and was sentenced to serve 60 days in the parish jail for each offense. Claiming that grievous error had been committed by the Judge in overruling pleas of autrefois convict and a motion for a new trial, relator invoked the supervisory jurisdiction of this court for a review of the convictions as he had no remedy of appeal.[2]

1. The statute, which was formerly Article 98 of the Criminal Code as amended by Act No. 331 of 1948, defines the crime of operating a vehicle while intoxicated to be " * * * the operating of any motor vehicle, air craft, vessel, or other means of conveyance by a person under the influence of intoxicating liquor or narcotic drugs."

2. Section 10 of Article 7 of the Constitution grants the Supreme Court appellate jurisdiction in criminal cases on questions of law alone "whenever the penalty of death, or imprisonment at hard labor may be imposed; or where a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed."

A writ of certiorari was granted and the matter has been submitted for our decision. In order that the legal questions urged by relator may be more readily grasped, a statement of the facts of the case is appropriate.

On Saturday evening, July 21st 1951, relator, a resident of Oak Grove, West Carroll Parish, drove to Lake Providence, approximately 12 miles east of Oak Grove in the adjoining parish of East Carroll. There, he visited several bars and night clubs where he indulged in drinking liquor with friends and acquaintances until the early hours of the morning of July 22nd, when he decided to drive back to his home in Oak Grove. While driving his Buick car on the return journey at an excessive rate of speed, he ran into two other cars parked on the highway near Oak Grove, at about 4:45 a. m., resulting in extensive damage to the Buick. As a consequence of the accident, relator was arrested and charged with driving while under the influence of intoxicating liquor. This arrest occurred on the following day, Monday, July 23rd, on a warrant issued by the Justice of the Peace of the Second Ward of West Carroll Parish, which was based on an affidavit made by State Trooper W. E. Guice, who had arrived on the scene shortly after the occurrence. Immediately upon his arrest, relator furnished bond conditioned on his appearance before the Fifth Judicial District Court on the charge contained in the affidavit.

Shortly after the accident—i. e. on the same morning between the hours of six and seven o'clock—relator was observed driving another vehicle (a Ford Pickup Truck) proceeding on the same road in the direction of Lake Providence, where he was to join friends for a fishing trip. He was not arrested at that time but was later separately charged with driving the truck while under the influence of liquor.

On September 12th 1951, a bill of information was filed charging relator with driving the Buick automobile while intoxicated and, on September 18th, the Grand Jury indicted him for operating the Ford truck in like condition. Meanwhile, however, prior to the filing of the information and the indictment in West Carroll Parish but subsequent to his arrest on July 23rd, relator went to Lake Providence and requested the Sheriff of East Carroll Parish to charge him with drunken driving on the night in question notwithstanding that he had not been previously arrested in that parish for the offense. Upon the sheriff's refusal to accede, relator asked the district attorney for the Sixth Judicial District to prefer charges and was informed that, if someone would make an affidavit against him, a bill of information would be filed. Subsequently, relator prevailed upon one of his friends to file an affidavit charging that he had committed the offense of drunken driving in East Carroll Parish at 4:35 a. m. on the morning of July 22nd 1951, or ten minutes be-

fore he was engaged in the accident which resulted in his arrest in West Carroll Parish. Based on this affidavit, the district attorney for the Sixth Judicial District Court filed, on September 10th 1951, a bill of information against relator and, on the same day, he appeared, pleaded guilty and was sentenced by the Judge of that court to pay a fine of $125 and costs.

Thereafter, the two charges against relator in West Carroll Parish were consolidated and, on September 25th 1951, he was tried thereon. Prior thereto, relator filed in each case a plea of former jeopardy founded upon his conviction of drunken driving on his plea of guilty to the charge which he caused to be initiated in the Sixth Judicial District Court. The theory of this plea was that the driving of the automobile and truck, while intoxicated during the wee morning hours of July 22nd, was one continuous act and offense which began in East Carroll Parish, when he left Lake Providence, and did not end until after he had returned to Lake Providence from Oak Grove in the Ford Pickup Truck. The trial judge did not agree with the contention of relator that the offense was the same, it being his opinion that the plea of former jeopardy was not meritorious as the conviction relied upon resulted from the endeavors of relator to arrange, as an afterthought, for his prosecution in East Carroll Parish in an attempt " * * * to artificially supply himself with a defense to the charges made by the

law enforcement officers of West Carroll Parish". Furthermore, the judge entertained the view that the drunken driving of relator in East Carroll Parish constituted an offense separate and distinct from the acts occurring in West Carroll Parish which resulted in the accident and his subsequent use of the Ford truck to return to Lake Providence for a fishing trip. And, in this court the State additionally contends that, even if it be conceded that the drunken driving of the Buick was merely a continuation of the offense which began in Lake Providence, the plea of former jeopardy is nonetheless untenable inasmuch as the Fifth Judicial District Court became vested with jurisdiction over the offense as soon as relator was arrested and that any and all proceedings thereafter had in the Sixth Judicial District Court were null.

We are not in accord with the view of the Judge that relator's driving of the Buick car from Lake Providence to Oak Grove was not a continuing offense. Conversely, we regard it to be but a single act of driving under the influence of intoxicating liquor and the circumstance that the violation occurred in more than one parish does not alter the situation. State v. Roberts, 152 La. 283, 93 So. 95. Hence, relator could be tried only once for his act and, as the offense was committed in both East and West Carroll Parishes, the Sixth Judicial and the Fifth Judicial District Courts had concurrent jurisdiction under

Article 13 of the Code of Criminal Procedure, LSA–R.S. 15 :13.[3]

But, since there was only one offense, there could be but one prosecution and trial and that could take place only in the court which first became seized of jurisdiction— for it is a well-established rule of law that, where two courts have concurrent jurisdiction over the same subject matter, the court which first obtains jurisdiction retains it to the end of the controversy to the exclusion of all others. Geilinger v. Philippi, 133 U.S. 246, 247, 10 S.Ct. 266, 33 L.Ed. 614; Lake Bisteneau Lumber Co. v. Mimms, 49 La.Ann. 1283, 22 So. 730; State v. Abraham, 138 La. 1087, 71 So. 193; State v. Milano, 138 La. 989, 71 So. 131; State v. Abraham, 139 La. 466, 71 So. 769; State ex rel. Terry v. Nugent, 212 La. 382, 31 So.2d 834 and State v. Galjour, 215 La. 553, 41 So.2d 215.

In State v. Milano and the two cases of State v. Abraham, supra, the defendants were charged in the City Court of Shreveport with retailing spiritous liquor without a license. These charges were nolle

prosequied by the District Attorney and, thereafter, the defendants were indicted for the same offense in the First Judicial District Court where they filed a plea to the jurisdiction. The plea was overruled and the defendants, after trial, were convicted. On appeal, however, the convictions were reversed and the plea to the jurisdiction sustained on the ground that the jurisdiction of the City Court, having first attached, became exclusive and that court retained the case for final disposition. The syllabus by the court in State v. Milano states the doctrine thus: "When a criminal prosecution is commenced in a court having jurisdiction, there is no process by which it can be transferred to another court of concurrent jurisdiction; and what the prosecuting attorney cannot do directly he should not do indirectly".

In the case at bar, the jurisdiction of the Fifth Judicial District Court attached, by virtue of Articles 78 and 639 of the Code of Criminal Procedure which were incorporated in the LSA–Revised Statutes of 1950 as Section 78 of Title 15,[4] on

---

3. It provides: "All trials shall take place in the parish in which the offense shall have been committed, unless the venue be changed; provided that where the several acts constituting a crime shall have been committed in more than one parish, the offender may be tried in any parish where a substantial element of the crime has been committed."

4. LSA–R.S. 15:78 reads: "The judges and other magistrates of all courts having criminal jurisdiction throughout the state, are hereby vested with jurisdiction over any person arrested for any crime or for the violation of any ordinance under and within their respective jurisdictions, *from the moment said person is arrested and taken into custody by any peace officer*, with power and authority to immediately parole or release on bail such person so arrested over whom they have jurisdiction as aforesaid, provided the offense charged be bailable." (Italics ours.)

July 23, 1951, when relator was arrested under the warrant issued by the Justice of the Peace of the Second Ward of West Carroll Parish and that court, from then on, retained plenary control of the case to the exclusion of any other tribunal of equal dignity and concurrent jurisdiction. Therefore, the subsequent proceedings in the Sixth Judicial District Court were without efficacy even though they were commenced and concluded before the bill of information was filed against relator in the Fifth Judicial District Court. Accordingly, inasmuch as the Sixth Judicial District Court did not have jurisdiction of the offense of driving the Buick while intoxicated, the plea of former jeopardy or autrefois convict is not well founded because it is essential, for the maintenance of such a plea, that the proceedings relied on were conducted before a court having jurisdiction. Article 279, Code of Criminal Procedure, LSA–R.S. 15:279;[5] State v. Jackson, 106 La. 413, 31 So. 52 and State v. Morgan, 145 La. 585, 82 So. 711.

■ The plea of autrefois convict addressed to the charge against relator for driving the Ford pickup truck while intoxicated is also untenable. Manifestly, the act constituting that offense was separate and distinct from the other offense. The driving of the Buick in an intoxicated condition was a continuous offense which commenced at Lake Providence and was completed at Oak Grove when the accident occurred. The driving of the Ford truck did not begin until an hour or two thereafter and was an entirely different project, wholly disconnected from the other offense.

■ However, it is maintained by relator that his conviction for the drunken driving of the Ford truck should be set aside as there is no evidence whatever to sustain the charge. This contention is properly raised in a bill of exceptions reserved to the overruling of a motion for a new trial to which bill is attached all of the evidence taken at the hearing.

An examination of this evidence has been adequate to demonstrate that the point is without merit. The driving of the Ford truck was admitted by relator but he says that he was then not under the influence of intoxicating liquor, as approximately two hours intervened between the accident with the Buick and the driving of the Ford truck, and that no witnesses have been produced by the State to show that he was under the influence of intoxicants at that time. While it is true that there is no direct evidence that relator was intoxicated when he was seen driving the Ford truck shortly before 7:00 a. m. on July 23rd, there is considerable cir-

5. LSA–R.S. 15:279 declares, in part: "To constitute former jeopardy it is necessary, that the court in which the former trial took place had jurisdiction, and was legally constituted; * * *".

cumstantial evidence to sustain a finding that such was the case. Relator himself admitted that he was under the influence of liquor at 4:35 a. m., when he was driving his Buick on the road from Lake Providence to Oak Grove; the highway patrolman, Mr. Guice, who brought the charge against relator, says that he was under the influence of liquor after 5:00 a. m. when he (Guice) arrived at the scene of the accident and further opined that his condition was such that he could not have sobered up in two hours. And a Mr. Pippens, testifying for relator, stated that, when relator came to his (Pippens') house shortly after the accident in the Buick (about 5:00 a. m.), "He was very much under the influence of liquor".

Thus, the fact that relator was intoxicated less than two hours before he was seen driving the Ford pickup truck was a circumstance which the Judge was entitled to consider in determining relator's guilt or innocence of the offense. It is only where there is no evidence at all to sustain the conviction that this court may interfere with the finding of the jury or the trial judge (as the case may be) on the facts for we are without jurisdiction to pass on the sufficiency of the evidence in a criminal case. State v. Nomey, 204 La. 667, 16 So. 2d 226 and cases there cited.

The writ of certiorari issued herein is recalled at relator's costs.