STATE OF DELAWARE v. JOHN T. DENNINGTON.
STATE OF DELAWARE v. ERNEST B. RIDDLE.
STATE OF DELAWARE v. FOUNT BILLINGS, JR.
STATE OF DELAWARE v. SMITH SEENEY.
STATE OF DELAWARE v. EDWARD O. JOHNSON.
STATE OF DELAWARE v. RAY LANGLEY.
STATE OF DELAWARE v. ANNA M. CONNER.
STATE OF DELAWARE v. NATHAN SIPPLE WOLF.
STATE OF DELAWARE v. JAMES RICHMOND CHADWELL, JR.

(*September 24, 1958.*)

CAREY, J., sitting.

*Herman C. Brown* for Dennington, Seeney, Riddle and Billings.

*George R. Wright* for Johnson.

*Joshua M. Twilley* for Langley.

*Henry J. Ridgely* for Conner and Wolf.

*Jack P. White* for Chadwell.

*Frank O'Donnell, Jr.,* Chief Deputy Attorney-General, and *James B. Messick,* Deputy Attorney-General, for the State.

Superior Court for Kent County, Nos. 57, 53, 50, 64, 55, 60, 62, 52 and 63, Criminal Actions, 1958.

CAREY, J.:

Informations against these defendants were filed at various times in the Court of Common Pleas for Kent County. The Attorney General entered a *nolle prosequi* in those cases, and later presented the same charges to the Grand Jury, which returned true bills of indictment. The offenses charged are misdemeanors over which the Common Pleas Court has concurrent original jurisdiction with the Superior Court. In some instances, but not

all, the offenses are also within the original jurisdiction of a Justice of the Peace. In these latter cases, the defendants were first taken before a Justice of the Peace, but elected to be tried in Common Pleas under Title 11 Section 5502 *Delaware Code 1953*. The record does not disclose the reason for the Attorney General's action.

Defendants have moved to dismiss the indictments upon two basic grounds; (1) lack of jurisdiction in this Court over the cases; (2) deprivation of the right to a speedy trial. Defendants concede that the Superior Court has concurrent original jurisdiction over misdemeanors with the Court of Common Pleas, but argue that, by filing the informations in Common Pleas, the State made its choice or election between the two Courts, which it cannot change without defendants' consent. No question of double jeopardy is raised.

The basic point for decision is whether the State, having brought and later nolle prossed a criminal charge in one Court, may thereafter prosecute the same defendant upon the same charge in another Court of concurrent jurisdiction without consent of the defendant and without disclosing any reason for so doing.

Contrary to the law of some states, it has always been the rule in Delaware (at least since the decision in *State v. Morris,* 1 *Houst. Cr. Cas.* 124) that the Court's consent is not necessary to the entry of a *nolle prosequi* before commencement of trial. Criminal Rule 48(a) as adopted in 1952, *Del. C. Ann.,* was so worded as to suggest a necessity for leave of Court, but that language was altered in 1954 because it was felt that our substantive law did not require such leave and this Court had no right to alter the substantive law under its rule-making powers. In entering the *nolle prosequis,* therefore, the Attorney General was within his rights, was not obliged to obtain the consent of the Common Pleas Court and was under no duty to disclose his reason for the entry.

Of course, the problem now before this Court is not primarily whether the *nolle prosequis* were properly entered but rather whether the State can prosecute here after having entered those *nolle prosequis* without giving any reasons therefor. There are few reported cases dealing with the precise point raised here. The majority of them are adverse to the position taken by the defendants, unless some statute is involved. Illustrations of these decisions are *Rodgers v. State,* 101 *Miss.* 847, 58 *So.* 536; *Preston v. State,* 109 *Tex. Cr. R.* 610, 6 *S. W.* 2d 757; *State v. Van Ness,* 109 *Vt.* 392, 199 *A.* 759, 117 *A. L. R.* 415; *State ex rel. Mitchell v. Court of Coffeyville,* 123 *Kan.* 774, 256 *P.* 804. The cases are collected and discussed in 117 *A. L. R.* 423.

Perhaps, the strongest case in defendants' favor is *State v. Milano,* 138 *La.* 989, 71 *So.* 131. There it was conceded that the only purpose of the District Attorney was to transfer the case from the first Court, which had taken jurisdiction, to the second Court. The Supreme Court pointed out that there was no provision in the law for the transfer of a criminal action from the one Court to the other and said that the action taken was merely an attempt to accomplish indirectly what could not be done directly. In Delaware, there is likewise no statute for the transfer of a criminal action from the Common Pleas Court of Kent County to the Superior Court. The opinion in the *Milano* case relies principally upon *Coleman v. State,* 83 *Miss.* 290, 35 *So.* 937, 64 *L. R. A.* 807, and *Ex parte Baldwin,* 69 *Iowa* 502, 29 *N. W.* 428. A careful reading of the *Baldwin* case shows that it is in fact authority only for the proposition that, where two Courts in different counties have concurrent jurisdiction over a matter, the one in which suit is first brought will retain its control to the exclusion of the other. We cannot quarrel with that holding but it is hard to understand its significance here, for the entry of the *nolle prosequi* terminated all proceedings in the Court of Common Pleas. That leaves no question of double jeopardy or of conflict of jurisdiction. *State ex rel. Mitchell v. Court of Coffeyville, supra; Rodgers v. State, supra.*

In the *Coleman* case, *supra*, the decision was expressly based upon a statute dealing with crimes commenced in one County and completed in another. This statute was interpreted as requiring the prosecution to be carried through in the County in which any action was first instituted. Obviously, because of the effect of the statute, the decision was not based upon the common law. Whatever may have been said in that opinion as supporting the view taken by the Louisiana Court in *State v. Milano*, it is clearly no longer the law of Mississippi, independently of statute. See *Rodgers v. State, supra,* and *Chandler v. State*, 140 *Miss.* 524, 106 *So.* 265, wherein the Court recognized the rule of the *Rodgers* case.

Also cited in the *Milano* opinion are two Kansas decisions, *State v. Chinault*, 55 *Kan.* 326, 40 *P.* 662, and *State v. Brannon*, 6 *Kan. App.* 765, 50 *P.* 986. The law of Kansas, however, as announced in the more recent case of *State ex rel. Mitchell v. Court of Coffeyville, supra,* is directly opposed to the *Milano* holding.

Without further discussion of the authorities, I will simply say that I consider the majority rule to be the proper one, except as it may be affected by statute. Fear has been expressed that this rule permits an Attorney General to cause great harassment to a man by taking him back and forth between two courts an unlimited number of times. It is believed that this possibility is more theoretical than real. I am satisfied that the Courts are not powerless to put a stop to such harassment, should the occasion arise.

The only statute in Delaware which might be considered as changing the common law is Title II Section 5502 which reads as follows:

"The accused, in all criminal cases where a justice of the peace in Kent County has jurisdiction and power to hear and finally determine the matter, may elect to have the case tried by the Court of Common Pleas for Kent County".

This Act, of course, has application only to a part of the cases herein considered, that is, those in which a Justice of the

Peace has concurrent jurisdiction with the Court of Common Pleas and the defendants exercised their right of election to be tried in the latter Court. It is argued that by this statute the Legislature conferred a vested right upon a defendant to choose whether to have his case heard by a Justice of the Peace or by the Common Pleas Court in the first instance, with the right of appeal to the Superior Court from an adverse verdict, and that the action of the Attorney General, if upheld, would deprive those defendants of this right. The argument in effect assumes that such a defendant has a vested right to two trials, the first in one of the two lower Courts, as he may choose, and without a jury, and if he loses, the second in the Superior Court with a jury. At the same time, it is conceded that the State could have brought these cases to the Superior Court in the first instance. I cannot believe that the Legislature intended any such result. A Common Pleas Court has original jurisdiction over a variety of misdemeanors not within the power of a Justice of the Peace to try. These are the more serious misdemeanors. generally speaking. In those cases, the State may elect whether to prosecute in Common Pleas or in Superior Court and a defendant must abide by that election. I cannot believe that the Legislature intended to confer a vested right of two trials upon a man charged with a minor crime, when a person charged with a more severe one has been given no such privilege. It is my opinion that the privilege conferred upon a defendant by the quoted statute is simply the right to elect not to be tried by a Justice of the Peace in the first instance. This purpose becomes manifest when we note that an accused has a right of election only if the original proceeding is brought before a Justice of the Peace, not if it is brought in the Common Pleas Court.

My conclusion is that an accused has no vested right to select the Court in which he is to be tried, other than the right not to be tried by a Justice of the Peace. I also conclude that the Attorney General has the power to choose the Court in which an action may be presented, as between Courts of con-

current jurisdiction, subject to the exception mentioned, and that his discretion in that respect may not be overruled in the absence of a showing of prejudice to some recognized right of a defendant. Moreover, I hold that the filing of the informations in the Court below, which were *nolle prossed*, does not prevent the prosecution of the defendants in this Court.

With respect to the argument that some of these defendants have been deprived of a speedy trial, I will simply say that there are no facts properly before the Court at this time to justify a determination of the point. Facts may not be brought into a record through statements made by counsel in their briefs. In order to enable us to pass upon this contention, defendants would be obliged to show us, in a proper manner, facts meeting the requirements of *Kominski v. State, Del.,* 141 *A.* 2d 138.

The motions to dismiss must be denied.