Dear Mr. Skyring:
Your request for an opinion concerning the transfer of criminal prosecutions among courts with concurrent jurisdiction has been forwarded to me for research and reply. You have asked the following:
Once a criminal prosecution is commenced in a city court having jurisdiction, may a city court judge or city prosecutor transfer the case to a district court with concurrent jurisdiction?
Under Louisiana law, city courts and district courts exercise concurrent jurisdiction over certain criminal matters. Louisiana Constitution Article V Section 16(A) vests a district court with original jurisdiction over all civil and criminal matters. However, it should be noted that § 16(A) does not give exclusive original jurisdiction to district courts. In particular, La. R.S. 13:1894 defines the criminal jurisdiction of city courts. This statute provides that the criminal jurisdiction of city courts is limited to offenses committed within their territorial jurisdiction which are not punishable by imprisonment at hard labor, as well as the violation of any local ordinance. In effect, these statutes allow city courts and district courts concurrent jurisdiction over misdemeanor prosecutions.
However, a long-standing proposition throughout Louisiana's jurisprudence holds that once initiated, a prosecution cannot be transferred to another court of concurrent jurisdiction.State v. Milano, 71 So. 131 (La. 1916); State v.Sawyer, 57 So.2d 899 (La. 1952). When a particular forum is elected and the prosecution commenced, all other courts of concurrent jurisdiction relinquish their power to hear the case. Once jurisdiction attaches, that court retains plenary control of the case to the exclusion of any other tribunal of equal dignity and concurrent jurisdiction. Sawyer at 903. Thus, when a criminal prosecution is commenced in a court having jurisdiction, there is no process by which it can be transferred to another court of concurrent jurisdiction. Milano at 131.
The scope of criminal transfers from one court to another remains limited. Transfers have most often been permitted only where a particular court lacks jurisdiction (under La.C.Cr.P. arts. 611, 615) or where prejudice or pre-trial publicity prevents an impartial jury (under La.C.Cr.P. art. 622). But in these latter cases, transfers are only applied laterally.
Nevertheless, several vehicles remain for bringing a criminal prosecution commenced in city court into the district courts. More significantly, none of these involve the concept of transfer.
First and foremost, city courts may use the district court in its appellate capacity. Under La. R.S. 13:1896(B), reviews of judgments in any criminal case not tried under a state statute in a city, parish, or municipal court shall be made to the district court of the parish in which the court of original jurisdiction is located. The provision allows for judicial review solely on issues of law by the district court when the city court prosecution is based on local ordinances. However, when the case is prosecuted under state statute, La. R.S. 13:1896 requires appeals be made to the proper court of appeal in accordance with La.C.Cr.P. art. 912.1. Notwithstanding this limitation, La. R.S.13:1896 may still be employed when city courts and district courts exercise concurrent jurisdiction.
In addition, nolle prosequi also remains an option for allowing a district court to exercise jurisdiction once a prosecution is commenced in city court. Under La.C.Cr.P. art. 61, a district attorney has entire charge and control of every criminal prosecution instituted or pending in his district and determines whom, when, and how he shall prosecute. "District Attorney" is defined in La.C.Cr.P. art. 934 to include the prosecuting officer of a city court.
Moreover, in La.C.Cr.P. art. 691, a district attorney/city prosecutor has the power in his discretion to dismiss an indictment without the consent of the court, which does not, subject to certain exceptions (discussed below) operate as a bar to subsequent prosecutions. Therefore, a city prosecutor may elect to nolle prosequi his case in city court and allow the district attorney to file separate charges in the district court.
Regardless, any dismissal and subsequent refiling in another court of concurrent jurisdiction cannot be unilateral. A city prosecutor cannot force a district attorney to bring charges in district court — this discretionary power remains vested with the district attorney by virtue of La.C.Cr.P. art. 61. Thus, a city prosecutor may not "punt" the case to an unwilling district attorney. However, a district attorney's refusal does not prejudice a city prosecutor's ability to subsequently refile the same charges in city court.
Nevertheless, Louisiana courts have recognized several significant limitations on the prosecutor's dismissal powers. The primary statutory restriction is found in La.C.Cr.P. art. 693, providing: "A dismissal entered without the defendant's consent after the first witness is sworn at the trial on the merits, shall operate as an acquittal and bar a subsequent prosecution for the charge dismissed." Therefore, to effectuate a subsequent action in district court, the dismissal in city court must be made prior to the swearing of the first witness.
The limitation in C.Cr.P. art. 693 is inextricably linked with constitutional principles of double jeopardy (see art. 693, official revision comment b). Louisiana Constitution Article I
§ 15 provides that, "No person shall be twice placed in jeopardy for the same offense." Under La.C.Cr.P. art. 592, jeopardy in a bench trial begins when the first witness is sworn at the trial on the merits. There exists no constitutional principle that prevents the filing of appropriate charges against a defendant in several courts of concurrent jurisdiction; however, once jeopardy attaches in one court, the concept of double jeopardy prevents the defendant from being tried in another court for the same offense. State v. Norwood,351 So.2d at 124 (La. 1977).
Likewise, courts have been quick to restrict prosecutors from forum shopping. In State v. Milano, 71 So. 131
(La. 1916), the court held that a district attorney could not transfer a case from one court to another merely because he thought the chances for conviction were greater in another venue. In Milano, the prosecutor first filed charges in city court, but subsequently dismissed them when several related cases resulted in acquittals. The Supreme Court found bad faith on the part of the district attorney and held that "what the prosecuting attorney cannot do directly, he should not do indirectly."Milano at 131. Similarly, in State v.Carlock, 345 So.2d 892 (La. 1977), the court rejected a prosecutor's use of multiple prosecutions to circumvent a court-ordered change of venue.
These cases clearly reflect a concern for fundamental fairness and an aversion to the bad faith use of procedural devices otherwise designed to insure the efficient and just functioning of the judicial process. As illustrated, Louisiana's courts have clearly and consistently rejected the use of thenolle prosequi for ignoble purposes. However, when properly employed, the nolle prosequi remains a valuable tool for submitting a previously filed city court criminal prosecution to the district court.
Thus, it is the opinion of this office that once a criminal prosecution is commenced in a city court having jurisdiction, the case may not be transferred to a district court with concurrent jurisdiction. However, subject to certain restrictions, a District Court may nonetheless hear the case, either in its capacity as an appellate court, or upon the proper filing of anolle prosequi.
If our office can be of further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ J. CLAYTON CULOTTA Assistant Attorney General
Milton R. "Mickey" Skyring Clerk/Judicial Administrator Baton Rouge City Court Post Office Box 3438 Baton Rouge, Louisiana 70821
RECEIVED: 2/17/95
RELEASED:
J. CLAYTON CULOTTA Assistant Attorney General